SCOTT J. HYMAN (State Bar No. 148709)
ERIC J. TROUTMAN (State Bar No. 229263)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone:   (949) 442-7110
Facsimile:    (949) 442-7118
Email Address: sjh@severson.com
Email Address: ejt@severson.com

Attorneys for Defendant
AMERICREDIT FINANCIAL
SERVICES, INC. erroneously
sued as "AMERICREDIT"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JACOBSON AND EDEN VILLARREAL<br><br>Plaintiffs<br><br>vs.<br><br>AMERICREDIT, NATIONAL AUTO RECOVERY BUREAU, AND TONY DOE,<br><br>Defendants. | Case No.: C07-2694 JCS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP R. 12(b)(6))**<br><br>Date:   August 10, 2007<br>Time:  9:30 a.m.<br>Crtrm.: A<br>Judge:  Honorable Joseph C. Spero<br><br>Complaint: May 21, 2007<br>Trial date: None set |

31085/0104/632565.1

NOTICE OF MOTION AND MOTION TO DISMISS
- FRCP R. 12(b)(6)

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 10, at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom A of the above-referenced Court located at 450 Golden Gate Avenue, San Francisco, California, Defendant AMERICREDIT FINANCIAL SERVICES, INC. erroneously sued as "AMERICREDIT" will, and hereby does, move for an order of dismissal upon the basis that plaintiff's Complaint does not state a claim upon which relief can be granted. (Federal Rules of Civil Procedure R. 12(b)(6.).)

The grounds for the Motion are as follows:

1. The First Count for Violation of the federal Fair Debt Collection Practices Act fails to set forth a claim upon which relief can be granted because AmeriCredit is not alleged to be, and is not, a "debt collector" within the meaning of that statute. Moreover, even if AmeriCredit were a debt collector, there is no allegation that AmeriCredit engaged in any conduct which violated the FDCPA.

2. The Second Count for Violation of California Fair Debt Collection Practices Act fails to set forth a claim upon which relief can be granted because there is no allegation that AmeriCredit undertook any conduct which violated California's FDCPA.

3. The Fourth Count for Negligence fails to set forth a claim upon which relief can be granted because plaintiff pleads that the co-defendant's conduct was "not authorized" by AmeriCredit and AmeriCredit owes no duty to control their conduct under such circumstances.

AmeriCredit's Motion is made and based upon this Notice of Motion and Motion, the attached memorandum of points and authorities, the Request for Judicial Notice, and upon all documents properly on file before this Court.

DATED: July __, 2007

SEVERSON & WERSON
A Professional Corporation

By: _____
SCOTT J. HYMAN
Attorneys for Defendant
AMERICREDIT FINANCIAL SERVICES,
INC. erroneously sued as "AMERICREDIT"

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Joshua Jacobson's Complaint arises out of the repossession of his[1] car following his default on his car payments. AmeriCredit financed Jacobson's purchase of his automobile. (Complaint, ¶ 20.) Plaintiff Eden Villarreal is a bystander, and has no contractual relationship with AmeriCredit. Following plaintiff's default, the account was assigned to National Auto Recovery Bureau. (Complaint, ¶ 23.) "Tony Doe" is National's employee. (Complaint, ¶ 14.) The repossession and the incidents during the repossession of which plaintiff complains "were not authorized by AmeriCredit." (Complaint ¶ 37.)

Plaintiff alleges three counts against AmeriCredit: (1) violation of the federal Fair Debt Collection Practices Act (Count One); (2) violation of California's Fair Debt Collection Practices Act (Count Two); and (3) negligence (Count Four). None of these counts state a claim against AmeriCredit upon which relief can be granted.

As to Count One, plaintiff fails to state a claim upon which relief can be granted because the federal FDCPA does not, as a general proposition, apply to creditors collecting their own obligations. AmeriCredit, as an entity collecting its *own* obligation, is not a 'debt collector' who was collecting the debts "of another" as required by the federal FDCPA. (15 U.S.C. 1692a(6).) Nor does the federal FDCPA allow an entity exempt from its purview to be brought within its regulation through the agency principles. (*E.g., Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir. 1996).)

As to Count Two, plaintiff fails to state a claim upon which relief can be granted because plaintiff never identifies any conduct in which AmeriCredit engaged that violates California's FDCPA; nor can vicarious liability principles impose liability on AmeriCredit under California's

---

[1] Plaintiff Eden Villarreal makes no charging allegations against AmeriCredit. Accordingly, AmeriCredit uses the term "plaintiff" herein to refer to Jacobson, except where indicated.

- 3 -

FDCPA because of plaintiff's concession above that National acted outside AmeriCredit's authority and because National cannot be AmeriCredit's agent (Bus. & Prof. Code § 7507.13.)

As to Count Four, plaintiff fails to state a claim upon which relief can be granted. Plaintiff's concession that National and Tony acted without AmeriCredit's authority and that AmeriCredit attempted to stop their repossession negates any finding AmeriCredit owed or breached any duty to plaintiff.

AmeriCredit's Motion to Dismiss should be granted.

## II.  ALLEGATIONS OF COMPLAINT

In contrast to defendants Tony and National, plaintiffs do not allege that AmeriCredit is a debt collector under state or federal law. (*See* Complaint ¶¶ 15, 16.) To the contrary, plaintiff only alleges that AmeriCredit is an entity to which Jacobson incurred financial obligations for personal, family or household purposes. (Complaint ¶¶ 20 & 21.) Hence AmeriCredit is a "creditor" of plaintiff. (15 USC Section 1692a(4); Civ. Proc. § 1788.2(i).)

Sometime before June 9, 2006, Jacobson fell behind on the debt he owed to AmeriCredit on his Jeep. (Complaint ¶ 22.) Prior to then, "the alleged debt was assigned, placed or otherwise transferred to National for collection..." (Complaint ¶ 23.) Tony is National's employee. (Complaint ¶ 14.) The Complaint does not allege that AmeriCredit acted wrongfully in assigning plaintiff's debt to National for repossession.

On June 9, 2006, Tony apparently arrived at plaintiff's home seeking to repossess plaintiff's vehicle. (Complaint ¶ 24.) Tony apparently made false statements to Jacobson in violation of state and federal law. (Complaint ¶¶ 24 and 25.) Tony then drove plaintiff to a bank; accepted funds from him; and promised him that his account arrearage with AmeriCredit was paid off in full. (Complaint ¶¶ 26, 27, 28 and 29.)

AmeriCredit is not alleged to have directed, controlled or ratified Tony's activities of June 9, 2006. To the contrary AmeriCredit is alleged to have required Tony to return Jacobson's funds. (Complaint ¶ 31.) Tony was forced to acknowledge to Jacobson that he was a third party without authorization to accept funds on behalf of AmeriCredit. (Complaint ¶ 31.)

On June 12, 2006, Tony returned to plaintiff's home and made further allegedly false statements. (Complaint ¶¶ 32 and 33.)

On that same day, plaintiff alleges that he wired funds to AmeriCredit to pay off his arrearage owing on his Jeep Vehicle. (Complaint ¶ 34.) AmeriCredit confirmed to plaintiff that it had received plaintiff's payment and that Tony had "no authorization" to repossess his vehicle. (Complaint ¶ 46.)

Nonetheless, Tony acted in a manner "not authorized" by AmeriCredit and repossessed plaintiff's vehicle, allegedly injuring plaintiff's daughter in the process. (Complaint ¶¶ 35, 36, 37 and 38.) AmeriCredit attempted to stop Tony from repossessing the vehicle when it learned from plaintiff of Tony's unauthorized conduct. (Complaint ¶¶ 47, 48, 49 and 50.) AmeriCredit representatives asked to speak directly to Tony to prevent the repossession. (Complaint ¶¶ 47, 48, 49 and 50.) Tony refused to speak to AmeriCredit representatives and repossessed the vehicle notwithstanding the fact that his activities were not authorized by AmeriCredit. (Complaint ¶¶ 47, 48, 49 and 50.)

### III.  STANDARDS GOVERNING AMERICREDIT'S MOTION

Rule 12(b)(6) requires the Court to accept all well-pleaded factual allegations as true. (*E.g., Cahill v. Liberty Mut.Ins. Co.,* 76 F.3d 692, 697 (9th Cir. 1996). AmeriCredit's Motion tests the legal sufficiency of the claims alleged in the Complaint and must be granted if plaintiff's Complaint fails to state a claim upon which relief can be based. (FRCP R. 12(b)(6); *Parks School of Business v. Symington,* 51 F.3d 1460, 1484 (9th Cir. 1995).) AmeriCredit's motion should be granted, and plaintiff's case dismissed, based upon the lack of a cognizable legal theory and the absence of sufficient facts alleged under a cognizable legal theory. (*See e.g., Balistreri v. Pacifica Police Dpt.,* 901 F.2d 696, 699 (9th Cir. 1998).)

## IV. EACH OF PLAINTIFFS' COUNTS FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Plaintiffs' First Count under the Federal Fair Debt Collection Practices Act Fails to State a Claim Upon Which Relief Can Be Granted.

#### 1. AmeriCredit is Not a "Debt Collector" Subject to the Federal FDCPA.

The federal FDCPA, subject to certain exceptions not applicable here, regulates only entities collecting the debts "of another," not creditors collecting their own obligations. The federal FDCPA defines "debt collector" as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. (15 U.S.C. §1692a(6); *Aubert v. American Gen. Fin.*, 137 F.3d 976, 979 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection, therefore, are not subject to the Act"); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) ("A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all"); *Maguire v. Citicorp. Retail Services*, 147 F.3d 232, 235 (2nd Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA"); *Pacheco v. Citibank (South Dakota)* N.A., Slip Copy, 2007 WL 1241934 (N.D.Cal. April 27, 2007) ("generally, as a matter of law, creditors are not subject to the FDCPA"); *Oei v. N.Star Capital Acquisitions, LLC*, --- F.Supp.2d ---, 2006 WL 4513838 at *4 (C.D.Cal. November 13, 2006) ("distinction between creditors and debt collectors is fundamental to the FDCPA because the Act does not regulate creditors' activities at all").)

The application of the definition of "debt collector" and, hence, the federal FDCPA itself, to this case is straightforward: AmeriCredit is not a debt collector under Federal FDCPA because, as plaintiff pleads, AmeriCredit is an original creditor to whom the plaintiff incurred a financial obligation. (Complaint, ¶ 20.) Thus, AmeriCredit simply is not subject to the federal FDCPA, and plaintiff's Count One fails to state a claim upon which relief can be granted.

### 2. Plaintiff Pleads No Facts Supporting a Direct or Violation of the Federal FDCPA by AmeriCredit.

The Complaint is devoid of allegations respecting AmeriCredit's conduct in enforcing the debt. In fact the only affirmative conduct AmeriCredit is alleged to have undertaken is the assignment of the debt to National for collection. (Complaint ¶ 23.) Every activity which the Complaint challenges as violations of the FDCPA were actions taken by Tony, not AmeriCredit. (*See* Complaint ¶¶ 25, 33 and 37.)

Nor can Tony's or National's actions subject AmeriCredit to the federal FDCPA. Creditors otherwise not subject to the federal FDCPA cannot be brought within its parameters though the doctrine of vicarious liability. (*E.g., Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir. 1996) ("We do not think it would accord with the intent of Congress, as manifested in the terms of the Act, for a company that is not a debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a 'debt collector'").)

Nor does vicarious liability attach here anyway, as plaintiff pleads that Tony acted outside AmeriCredit's authorization. As set forth above, Tony is not alleged to have been AmeriCredit's employee or subject to its control, but is alleged to have been an agent of National. (Complaint, ¶ 14.) And, plaintiff pleads that the activities by Tony of which plaintiff complains "were not authorized by AmeriCredit." (Complaint, 6:24.)

Accordingly the Complaint fails to state a claim upon which relief can be granted against AmeriCredit for violation of the federal FDCPA under either a direct or vicarious basis.

### B. Plaintiff's Second Count under California's FDCPA Fails to State a Claim Upon Which Relief Can Be Granted.

#### 1. Plaintiff Pleads No Direct Conduct in which AmeriCredit Engaged that Would Violate California's FDCPA.

California's FDPCA is broader than the federal FDCPA, and applies to creditors collecting obligations "on behalf of himself or herself." (Cal. Civ. Code § 1788.2(c.).) But, a plaintiff must plead more in order to state a claim – that the defendant's activity constitutes "debt

- 7 -

collecting" and that the defendant regularly engages in the collection of debts. (Cal. Civ. Proc. Code §§ 1788.2(b) and (c).) Although plaintiff clearly pleads that National and Tony are "'debt collector[s]' as that term is defined by California Civil Code § 1788.2(c)," plaintiff never pleads that AmeriCredit is a debt collector. (Complaint, ¶ 16.)

Nor does plaintiff ever plead misconduct in which AmeriCredit directly engaged that would violate the California FDCPA. Plaintiff pleads only that AmeriCredit assigned the debt to National. (Complaint, ¶ 23).

### 2. AmeriCredit is Not Vicariously Liable under California's FDCPA.

Instead, plaintiff's Complaint largely pleads the conduct of National and Tony, and attempts to tag AmeriCredit under California's FDCPA for their conduct. This, plaintiff can not do for two simple reasons: (1) a creditor can not be vicariously liable for the errors and omissions of a licensed repossession company (Bus. & Prof. Code § 7507.13); and (2) even if a creditor could be so liable, plaintiff pleads that National's and Tony's "actions . . . were not authorized by AmeriCredit." (Complaint, ¶ 37.)

As to the former point, the law applicable to this case does not indulge a finding of indirect liability. Business and Professions Code § 7507.13 eliminates the concept of vicarious liability and/or joint and several liability: it places exclusive responsibility on the repossessors for their own misconduct and, similarly, on the creditors for their own misconduct. (Bus. & Prof. Code §§ 7507.13(a)-(b).) Plaintiff alleges that National Auto Recovery Bureau, Inc. operates from San Francisco, California. (Complaint, ¶ 14.) National's San Francisco Office holds a valid repossessor's license with the California Department of Consumer Affairs. (Request for Judicial Notice, Ex. "A.") Accordingly, Business and Professions Code § 7507.13 applies.

As to the latter point, the facts pleaded in this case do not indulge a finding of indirect liability. Plaintiff pleads no allegation that the co-defendants were the agents of each other, other than Tony being National's employee. (Complaint, ¶ 14.) In fact, as to AmeriCredit's relationship to Tony and National, plaintiff pleads just the opposite: that National's and Tony's "actions . . . were not authorized by AmeriCredit." (Complaint, ¶ 37.) Plaintiff's pleading in

- 8 -

this regard is the antithesis of the factual predicate to find an agency relationship, as "control is a decisive factor." (*St. Paul Ins. Co. v. Industrial Underwriters Ins. Co.* 214 Cal.App.3d 117, 122 (1989); *see also Clark v. Capital Credit & Collection Services, Inc.* 460 F.3d 1162, 1173 (9th Cir. 2006) ("Under general principles of agency -- which form the basis of vicarious liability under the FDCPA [citation omitted] -- to be liable for the actions of another, the 'principal' must exercise control over the conduct or activities of the 'agent.' See Restatement (Second) of Agency § 1 (1958)").) Since Tony acted contrary to AmeriCredit's authorization, no control or agency can be presumed: "The law indulges in no presumption that an agency exists but instead presumes that a person is acting for himself and not as agent for another." (*K. King and G. Shuler Corp. v. King,* 259 Cal.App.2d 383, 393 (1968).)

Accordingly, the Complaint fails to state a claim against AmeriCredit for an indirect violation of California's FDCPA.

### 3. Plaintiff Villarreal Lacks Standing to Assert a Cause of Action under California's FDCPA.

California's FDCPA is crafted to protect "debtors" from improper debt collection practices. A debtor is "any natural person from whom a debt collector seeks to collect a consumer debt..." (Cal. Civ. Code § 1788.2(h.).) The California FDCPA does not create a right of action in favor of anyone except a "debtor." (Cal. Civ. Code § 1788.30(a) ["Any debt collector who violates this title with respect to any *debtor* shall be liable to *that debtor* in an amount [defined by statute...]"].) As plaintiff Villarreal is not alleged to be a "debtor," she lacks standing to assert a claim under California's FDCPA against AmeriCredit.

## C. Plaintiff's Fourth Count for Negligence Fails to State a Claim Upon Which Relief Can Be Granted.

To plead a negligence claim properly, plaintiff must plead facts supporting a duty to the plaintiff, that such duty was breached, and that such breach proximately caused damages to the plaintiff. (*E.g., Ileto v. Glock Inc.* (9th Cir. 2003) 349 F.3d 1191, 1293.) Plaintiff's Fourth Count fails on the first two elements.

Plaintiff's negligence claim here essentially posits that AmeriCredit owed and breached a "duty to refrain from allowing" Tony to wrongfully repossess plaintiff's car. (Complaint ¶¶ 54, 55, 75 and 76.) But, plaintiff's claim must be viewed through the prism that National's and Tony's "actions . . . were not authorized by AmeriCredit." (Complaint, ¶ 37.) Thus, the question is: what duty did AmeriCredit owe to refrain from allowing Tony to engage in activities that AmeriCredit did not authorize? To frame the issue is to answer the question: none.

A parties' obligation to prevent activities which it does not authorize assumes a duty of protection, or to do something greater than merely not authorizing the act itself. Such a duty of protection is not recognized under California law, except in "special relationships." (*Jacoves v. United Merchandising Corp.*, 9 Cal.App.4th 88, 114 (1992) ("Fundamentally, a defendant owes a legal duty of care to persons who are foreseeably endangered by the defendant's conduct, but a defendant has no duty to control the conduct of another..."); *Martinez v. Pac. Bell*, 225 Cal.App.3d 1557, 1567 (1990); *Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 234-237 ("[I]t also is well established that, as a general matter, there is no duty to act to protect others from the conduct of third parties."); *Austin B. v. Escondido Union School Dist.*, 149 Cal.App.4th 860, 879 (2007) ("As a general rule, one owes no duty to control the conduct of another....").) "Moreover, this rule is applicable even in cases in which the third person's conduct is made possible only because the defendant has relinquished control of his property to the third person...." (*Martinez v. Pac. Bell, supra,* 225 Cal.App.3d at 1567.) California law recognizes no such fiduciary or special relationship between a finance company and its customer. (*Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989).)

And, ultimately, even assuming that AmeriCredit owed such a special duty, plaintiff pleads that AmeriCredit discharged it by "not authorizing" Tony's actions and by trying to stop his repossession. (Complaint, ¶ 37.) AmeriCredit refrained from allowing Tony to repossess the vehicle and confirmed that Tony had no right to repossess the automobile. (Complaint ¶ 46.) AmeriCredit asked to speak with Tony, but Tony refused. (Complaint, ¶ 47.) Any duty owed to plaintiff was discharged.

The failure to allege facts demonstrating that a duty was owed by AmeriCredit is fatal to plaintiff's negligence claims. Absent the breach of an articulable duty, a claim upon which relief can be granted against AmeriCredit simply does not lie.

## V. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to AmeriCredit. AmeriCredit's Motion to Dismiss should be granted.

DATED: July 2, 2007

SEVERSON & WERSON
A Professional Corporation

By: _____
SCOTT J. HYMAN
Attorneys for Defendant
AMERICREDIT FINANCIAL SERVICES, INC. erroneously sued as "AMERICREDIT"

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine and County of Orange, California; my business address is Severson & Werson, 19100 Von Karman, Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP R. 12(b)(6))**

on all interested parties in said case addressed as follows:

Robert L. Hyde
Joshua B. Swigart
Hyde & Swigart
411 Camino Del Rio South
Suite 301
San Diego, CA 92108-3551
PH: (619) 233-7770
FX: (619) 330-4657
Attorneys for Plaintiff Joshua Jacobson

☑ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed in Irvine, California, on July 2, 2007.

NATALIE L. ATHAS