MICHAEL S. BURKE, #150062
VOGL & MEREDITH LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Telephone: (415) 398-0200
Facsimile: (415) 398-2820

Attorneys for Defendant
NATIONAL AUTO RECOVERY BUREAU, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JACOBSON and EDEN VILLARREAL,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICREDIT, NATIONAL AUTO RECOVERY BUREAU, and TONY DOE,<br><br>Defendants. | No. C07-02694 JCS<br><br>ANSWER TO COMPLAINT BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC.<br><br>**Jury Demanded**<br><br>**Judge: Hon. Joseph C. Spero** |

Defendant NATIONAL AUTO RECOVERY BUREAU, INC., answers the complaint filed in this matter by Plaintiffs, as follows:

1. Answering Paragraph 1, Defendant admits that the language paraphrases 15 U.S.C. §1692. Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained therein.

2. Answering Paragraph 2, Defendant admits that the language paraphrases California Civil Code §1788.1. Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained therein.

3. Answering Paragraph 3, Defendant denies it is a debt collector, and denies any unlawful or abusive actions, and lacks sufficient information or belief to admit or deny the remaining allegations contained therein.

1

4. Answering Paragraph 4, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

5. Answering Paragraph 5, Defendant denies the allegations contained therein.

6. Answering Paragraph 6, Defendant denies the allegations contained therein.

7. Answering Paragraph 7, Defendant admits personal jurisdiction is proper in the State of California.

8. Answering Paragraph 8, Defendant denies that venue is proper.

9. Answering Paragraph 9, Defendant admits that JOSHUA was obligated to pay a debt and that he was a "consumer" under 15 U.S.C. 1692a(3), but lacks sufficient information or belief to admit or deny the allegations contained therein.

10. Answering Paragraph 10, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

11. Answering Paragraph 11, Defendant admits that JOSHUA is a natural person who had consumer debt which was due and owing and that he was a debtor pursuant to California Civil Code §1788.2(h). Defendant denies that it was a "debt collector" under 15 U.S.C. 1692a(5) & (6), and lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 11.

12. Answering Paragraph 12, Defendant admits the allegations contained therein.

13. Answering Paragraph 13, Defendant denies the allegations contained therein.

14. Answering Paragraph 14, Defendant denies the allegations contained therein.

15. Answering Paragraph 15, Defendant denies that it was a "person" or a "debt collector" under 15 U.S.C. 1692a(5) & (6), or that it used interstate commerce or the mails to collect "debt" as defined by 15 U.S.C. 1692a(5) in the subject transaction, but lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 15.

///
///
///
///

ANSWER TO BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC.

16. Answering Paragraph 16, Defendant admits that it is not an attorney or counselor at law and that it, in the ordinary course of business regularly on behalf of others engages in the repossession of property for creditors. Defendant denies that it is a "debt collector" as defined by Civil Code §1788.2(c) & (d). Defendant lacks sufficient information or belief to admit or deny the remaining allegations as to other defendants contained in paragraph 16.

17. Answering Paragraph 17, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

18. Answering Paragraph 18, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

19. Answering Paragraph 19, Defendant admits that it conducted business in California. Defendant lacks sufficient information or belief to admit or deny the remaining allegations as to other defendants contained in paragraph 19.

20. Answering Paragraph 20, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

21. Answering Paragraph 21, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

22. Answering Paragraph 22, Defendant lacks sufficient information or belief to admit or deny the allegations contained in therein.

23. Answering Paragraph 23, Defendant denies that the "debt" was assigned, placed or otherwise transferred to this answering Defendant. Defendant admits that it was retained to repossess the subject vehicle. Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 23.

24. Answering Paragraph 24, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

25. Answering Paragraph 25, Defendant denies the allegations contained therein.

26. Answering Paragraph 26, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

///

ANSWER TO BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC.

27. Answering Paragraph 27, Defendant denies that TONY had the authority to accept any money or payment from JOSHUA, but lacks sufficient information or belief to admit or deny the remaining allegations contained therein.

28. Answering Paragraph 28, Defendant denies that TONY had the authority to accept any money or payment from JOSHUA, but lacks sufficient information or belief to admit or deny the remaining allegations contained therein.

29. Answering Paragraph 29, Defendant denies that TONY had the authority to accept any money or payment from JOSHUA or to indicate that the balance was "paid in full", but lacks sufficient information or belief to admit or deny the remaining allegations contained therein.

30. Answering Paragraph 30, Defendant denies that TONY had the authority to accept any money or payment from JOSHUA or to indicate that the balance was "paid in full", but lacks sufficient information or belief to admit or deny the remaining allegations contained therein.

31. Answering Paragraph 31, defendant admits that TONY was not authorized to accept money from JOSHUA, but lacks sufficient information or belief to admit or deny the remaining allegations contained therein.

32. Answering Paragraph 32, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

33. Answering Paragraph 33, Defendant denies the allegations contained therein except those relating to TONY repossessing the subject vehicle.

34. Answering Paragraph 34, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

35. Answering Paragraph 35, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

36. Answering Paragraph 36, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

37. Answering Paragraph 37, Defendant denies the allegations contained therein.

38. Answering Paragraph 38, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

ANSWER TO BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC.

39. Answering Paragraph 35, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

40. Answering Paragraph 40, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

41. Answering Paragraph 41, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

42. Answering Paragraph 42, Defendant denies the allegations contained therein.

43. Answering Paragraph 43, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

44. Answering Paragraph 44, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

45. Answering Paragraph 45, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

46. Answering Paragraph 46, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

47. Answering Paragraph 47, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

48. Answering Paragraph 48, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

49. Answering Paragraph 49, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

50. Answering Paragraph 50, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

51. Answering Paragraph 51, Defendant admits that TONY repossessed the subject vehicle, but lacks sufficient information or belief to admit or deny the remaining allegations contained therein.

52. Answering Paragraph 52, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

53. Answering Paragraph 53, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

54. Answering Paragraph 54, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

55. Answering Paragraph 55, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

56. Answering Paragraph 56, Defendant denies the allegations contained therein.

57. Answering Paragraph 57, Defendant denies the allegations contained therein.

58. Answering Paragraph 58, Defendant denies the allegations contained therein.

59. Answering Paragraph 59, Defendant admits that TONY took possession of the subject vehicle but denies the remaining allegations contained therein.

60. Answering Paragraph 60, Defendant denies the allegations contained therein.

61. Answering Paragraph 61, Defendant denies the allegations contained therein.

62. Answering Paragraph 62, Defendant denies that all the allegations in the complaint attributed to TONY, if true, were within the course and scope of his employment. Defendant admits that TONY was employed by Defendant at the time he repossessed the subject vehicle, and that the act of repossession was within the course and scope of TONY'S employment with Defendant.

63. Answering Paragraph 63, Defendant incorporates by this reference its answers to paragraphs 1-62 above as though fully set forth here.

64. Answering Paragraph 64, Defendant denies the allegations contained therein.

65. Answering Paragraph 65, Defendant denies the allegations contained therein.

66. Answering Paragraph 66, Defendant incorporates by this reference its answers to paragraphs 1-65 above as though fully set forth here.

67. Answering Paragraph 67, Defendant denies the allegations contained therein.

68. Answering Paragraph 68, Defendant denies the allegations contained therein.

69. Answering Paragraph 69, Defendant incorporates by this reference its answers to paragraphs 1-68 above as though fully set forth here.

ANSWER TO BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC.

70. Answering Paragraph 70, Defendant denies the allegations contained therein.

71. Answering Paragraph 71, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

72. Answering Paragraph 72, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

73. Answering Paragraph 73, Defendant denies the allegations contained therein.

74. Answering Paragraph 74, Defendant incorporates by this reference its answers to paragraphs 1-73 above as though fully set forth here.

75. Answering Paragraph 75, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

76. Answering Paragraph 76, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein.

77. Answering Paragraph 77, Defendant denies the allegations contained therein.

78. Answering Paragraph 78, Defendant denies the allegations contained therein.

79. Answering Paragraph 79, Defendant incorporates by this reference its answers to paragraphs 1-78 above as though fully set forth here.

80. Answering Paragraph 80, Defendant denies the allegations contained therein.

81. Answering Paragraph 81, Defendant admits that TONY took possession of the subject vehicle, but denies the remaining allegations contained therein.

82. Answering Paragraph 82, Defendant denies the allegations contained therein.

83. Answering Paragraph 83, Defendant denies the allegations contained therein.

84. Answering Paragraph 84, Defendant denies the allegations contained therein.

**PLAINTIFFS' PRAYER FOR RELIEF**

Answering plaintiffs' Prayer for Relief, Defendant denies that plaintiffs, or any of them, are entitled to any relief against this answering Defendant, including the relief requested in the complaint. All allegations of the complaint not specifically admitted in this answer are hereby denied.

ANSWER TO BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As a separate answer and affirmative defense, Defendant alleges: the complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate answer and affirmative defense, Defendant alleges: That Defendant is not a "debt collector" under 15 U.S.C. 1692a or Civil Code §1788.2. Instead, Defendant is a repossessor.

### THIRD AFFIRMATIVE DEFENSE

3 As a separate answer and affirmative defense, Defendant alleges: Defendant denies that Defendant was negligent in any fashion with respect to the damages, losses, injuries and debts claimed by the Plaintiffs in the Complaint on file herein; however, if this answering Defendant is found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), then this answering Defendant provisionally alleges that Defendant's negligence is not the sole and proximate cause of the resultant damages, losses and injuries alleged by plaintiffs, and that the damages awarded to plaintiffs, if any, should be apportioned according to the respective fault of the parties, persons, and entities, or their agents, servants, and employees who contributed to and/or caused said resultant damages as alleged, according to the proof presented at the time of trial.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate answer and affirmative defense, Defendant alleges: That while continuing to deny the allegations of the Complaint on file herein, that if Defendant is held liable for the damages, if any, awarded to Plaintiffs, Plaintiffs are barred or estopped from any recovery from Defendant based upon Plaintiffs' own fault, either active, primary, direct, or otherwise.

///
///
///
///

ANSWER TO BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC.

**FIFTH AFFIRMATIVE DEFENSE**

5. As a separate answer and affirmative defense, Defendant alleges: That Plaintiffs' conduct rather than conduct of this Defendant proximately caused the losses alleged as Plaintiffs failed to exercise reasonable care and diligence to avoid loss and avoid damages incurred, if any, as a result of the events alleged in Plaintiffs' Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

6. As a separate answer and affirmative defense, defendant alleges: That Defendant is not a "debt collector" under 15 U.S.C. 1692a or Civil Code §1788.2. Instead, Defendant is a repossessor. As a result, this court lacks subject matter jurisdiction.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a separate answer and affirmative defense, defendant alleges: That liability for the amount of non-economic damages be allocated to this answering defendant in direct proportion to the applicable percentage of fault, if any, according to the Fair Responsibility Act of 1986 and Civil Code Section 1431, et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As a separate answer and affirmative defense, Defendant alleges: That the alleged violation(s) were not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.

**NINTH AFFIRMATIVE DEFENSE**

9. As a separate answer and affirmative defense, Defendant alleges: Defendant as a repossession agency is not liable for the act or omission of a legal owner, debtor, lienholder, lessor or lessee, or an agent of any of them, in making an assignment to it or for accepting an assignment from any legal owner, debtor, lienholder, lessor or lessee, or an agent of any of them under Business and Professions Code 7507.13.

///
///
///
///

ANSWER TO BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC.

## TENTH AFFIRMATIVE DEFENSE

10. As a separate answer and affirmative defense, Defendant alleges: That under Business and Professions Code 7507.4 as a repossession agency Defendant was entitled to make a demand for payment in lieu of repossession, if the demand is made pursuant to an assignment for repossession.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate answer and affirmative defense, Defendant alleges: Defendant intends to rely on all other properly-provable defenses and reserves the right to amend its answer, or to place at issue additional affirmative defenses through the express or implied consent of the parties, to and through the time of trial.

WHEREFORE, having fully answered the complaint, Defendant respectfully requests judgment as follows:

1. Dismissing the complaint in its entirety and with prejudice;
2. Awarding Defendant its reasonable attorney's fees incurred herein;
3. Awarding Defendant its costs and disbursements; and,
4. Awarding Defendant such other and further relief as the court deems just and appropriate.

**JURY TRIAL REQUESTED**

Dated: July 6, 2007

VOGL & MEREDITH LLP

By: _____
MICHAEL S. BURKE
Attorney for Defendant,
NATIONAL AUTO RECOVERY BUREAU, INC.

ANSWER TO BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC.

**PROOF OF SERVICE**

I, Bernice Fok, declare as follows:

I am over the age of eighteen (18) years and am not a party to this action. I am employed in the city and county of San Francisco, state of California, and my business address is 456 Montgomery Street, 20th Floor, San Francisco, California, 94104.

On <u>July 6, 2007</u>, I served or caused the within: ANSWER TO COMPLAINT BY DEFENDANT NATIONAL AUTO RECOVERY BUREAU, INC. on the attorneys of record in this action as follows:

<u>XXX</u> by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, and deposited the same for collection and **mailing** at San Francisco, California, following ordinary business practices, addressed as set forth below.

_____ by having a true copy thereof caused to be **personally** served to the person at the address(es) as set forth below.

_____ by sending a copy to the **facsimile** number(s) to the person at the address(es) as set forth below.

Mr. Robert L. Hyde, Esq.
HYDE & SWIGERT
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone No: (619) 233-7770
Facsimile No: (619) 330-4657
bob@westcoastlitigation.com

I am readily familiar with this law firm's practice for the collection and processing of documents for mailing, Federal Express overnight mail, and facsimile transaction and said document(s) are deposited with the United States Postal Service or Federal Express depository on the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on <u>July 6, 2007</u>, in San Francisco, California.

_____
Bernice Fok