Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 330-4657

Attorneys for Plaintiffs
Joshua Jacobson and Eden Villarreal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOSHUA JACOBSON AND EDEN VILLARREAL, <br><br> PLAINTIFFS, <br><br> v. <br><br> AMERICREDIT, NATIONAL AUTO RECOVERY BUREAU, AND TONY DOE, <br><br> DEFENDANTS. | Case No.: C 07-02694 (JCS) <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES <br><br> JURY TRIAL DEMANDED |
|---|---|

INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

1. consumers against debt collection abuses.[1]
2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]
3. JOSHUA JACOBSON, ("JOSHUA") and EDEN VILLARREAL ("EDEN"), by Plaintiffs' attorneys, brings this action to challenge the actions of AMERICREDIT ("AMERICREDIT"), and NATIONAL AUTO RECOVERY BUREAU, ("NATIONAL") with regard to attempts by NATIONAL, and AMERICREDIT, all debt collectors, to unlawfully and abusively collect a debt allegedly owed by JOSHUA, and this conduct caused Plaintiffs damage.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.
5. This action arises out of Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and California Common Law.
6. Because Defendants do business within the State of California, personal jurisdiction is established.
7. Venue is proper pursuant to 28 U.S.C. § 1391.

---

[1] 15 U.S.C. §§ 1692(a)-(e)
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

## PARTIES

8. JOSHUA is a natural person who resides in the City of San Francisco, County of San Francisco, State of California, and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. EDEN is a natural person who resides in the City of San Francisco, County of San Francisco, State of California, and is JOSHUA's adult daughter.

10. JOSHUA is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from JOSHUA, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiffs are informed and believe, and thereon allege, that AMERICREDIT is a company operating from the City of Fort Worth, County of Tarrant, State of Texas.

12. Plaintiffs are informed and believe, and thereon allege, that NATIONAL is a company operating from the City of San Francisco, County of San Francisco, State of California.

13. Plaintiffs are informed and believe, and thereon allege, that TONY is an agent of NATIONAL, and operates from the City of San Francisco, County of San Francisco, State of California.

14. Plaintiffs are informed and believe, and thereon allege, that NATIONAL and TONY are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

//
//

15. Plaintiff are informed and believe, and thereon allege, that AMERICREDIT, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. Plaintiffs are informed and believe, and thereon allege, that neither NATIONAL, TONY, nor AMERICREDIT is an attorney or counselor at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and all are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

18. At all times relevant Plaintiffs were individuals residing within the State of California.

19. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendants conducted business in the State of California.

20. Sometime before June 9, 2006, JOSHUA allegedly incurred financial obligations to AMERICREDIT that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

//
//

21. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime thereafter, but before June 9, 2006, JOSHUA allegedly fell behind in the payments allegedly owed on the alleged debt. JOSHUA currently takes no position as to whether or not this alleged debt was actually owed.

23. Plaintiffs are informed and believe, and thereon allege, that subsequently, but before June 9, 2006, AMERICREDIT assigned, placed, or otherwise transferred the alleged debt to NATIONAL, for collection and repossession.

24. Plaintiffs are informed and believe, and thereon allege, that on or about June 9, 2006 through June 12, 2007, TONY was an employee and agent of NATIONAL.

25. Plaintiffs are informed and believe, and thereon allege, that on or about June 9, 2006 TONY and NATIONAL were acting, jointly, as agents and representatives of AMERICREDIT.

26. On or about June 9, 2006, TONY arrived at JOSHUA's house and rang the doorbell. When JOSHUA answered, TONY stated, "I'm from the bank and I am here about the Jeep. I need to take it because you're behind in your payments."

27. This statement represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt because TONY was not from any bank. As such, TONY violated 15 U.S.C. §§ 1692e and 1692e(10). Because TONY violated 15 U.S.C. §§ 1692e and 1692e(10), TONY also violated Cal. Civ. Code § 1788.17.

28. JOSHUA then offered to pay the late balance in full if TONY would allow JOSHUA to go to his bank.

//
//

29. TONY agreed on the condition that JOSHUA and TONY drive to the bank in TONY's tow truck. JOSHUA agreed. This was an attempt by TONY and NATIONAL to collect a debt for AMERICREDIT.
30. Subsequently, JOSHUA and TONY arrived at the bank and JOSHUA withdrew $500.00 from the "ATM."
31. This $500.00 in cash was tendered to TONY and NATIONAL for the purpose of paying part of the debt allegedly owed AMERICREDIT.
32. JOSHUA then immediately tendered to TONY and NATIONAL a check for the remaining balance of $1,048.00.
33. When JOSHUA tendered the cash and check to TONY, TONY and NATIONAL accepted payment.
34. TONY then wrote JOSHUA a receipt in the name of TONY and NATIONAL.
35. TONY then stated that JOSHUA's debt that was previously in arrears was now <u>paid in full</u> and TONY, NATIONAL, and AMERICREDIT now acknowledged that the debt in question was no longer in arrears.
36. TONY then drove JOSHUA back to JOSHUA's house.
37. As a result of TONY'S representations, JOSHUA reasonably believed he was now current on his monthly vehicle payments.
38. A few days later, on or about June 12, 2006, TONY returned to JOSHUA's home.
39. On that date and time, TONY told Plaintiff that he could not accept the money JOSHUA gave TONY on June 9, 2006 even though he had already done so. TONY stated that AMERICREDIT would not accept JOSHUA's payment through TONY because TONY is a "third party." TONY then returned JOSHUA's money.

//
//
//

40. By refusing payment, AMERICREDIT was apparently attempting to create a default so that AMERICREDIT could charge fees, costs, and other expenses. This action by AMERICREDIT violated Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. §§ 1692e and e(10) and 15 U.S.C. §§ 1692f and f(1).

41. During this same conversation, TONY stated that if JOSHUA paid the alleged debt by June 16, 2006, there would be no need for TONY to repossess the vehicle and the vehicle would not be repossessed.

42. This statement represents an attempt by TONY and NATIONAL to collect the alleged debt, and a false, deceptive, or misleading means used in connection with the collection of the alleged debt because, as will be described below, TONY, NATIONAL and AMERICREDIT continued the repossession attempts despite JOSHUA's payment in full before June 16, 2006. Consequently, TONY and NATIONAL violated 15 U.S.C. §§ 1692e and 1692e(10) and AMERICREDIT violated Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. § 1692e and e(10). Because TONY and NATIONAL violated 15 U.S.C. §§ 1692e and 1692e(10), TONY and NATIONAL also violated Cal. Civ. Code § 1788.17.

43. Immediately after TONY left, JOSHUA went to Western Union and wired the full amount of the balance to AMERICREDIT, as TONY and NATIONAL had requested. Plaintiff reasonably believed that such request was at the instructions of AMERICREDIT.

44. That same day, approximately an hour after payment was made, and well before the June 16, 2006 deadline set by TONY, NATIONAL and AMERICREDIT, EDEN was returning home, driving her father's (JOSHUA) Jeep. EDEN was driving with a friend of hers as a passenger in the Jeep. As EDEN entered the driveway, TONY appeared with his tow truck.

//

45. Before EDEN or her friend could exit the Jeep, TONY attached the Jeep to a tow truck and began to raise the back end of the Jeep in an abrupt and violent manner, an action that was a breach of the peace.

46. TONY, NATIONAL and AMERICREDIT had no present right to possess the property at that time. As such, TONY and NATIONAL violated 15 U.S.C. §1692f(6). Because TONY and NATIONAL violated 15 U.S.C. §1692f(6), TONY and NATIONAL also violated Cal. Civ. Code § 1788.17.

47. EDEN was extremely frightened by TONY's actions, as she was unaware of who TONY and NATIONAL were or what business they had trying to tow the Jeep while she was still inside. In her efforts to escape from the Jeep, EDEN suffered a contusion and abrasion to her knee, which was a foreseeable result of TONY and NATIONAL's conduct.

48. TONY touched or caused EDEN to be touched with the intent to harm EDEN by causing the truck to contact the vehicle in which EDEN sat.

49. EDEN did not consent to TONY's conduct.

50. EDEN was harmed and offended by TONY's conduct.

51. A reasonable person in EDEN's situation would have been harmed and offended by TONY's touching.

52. While TONY was in the process of taking JOSHUA's vehicle, JOSHUA exited his house to determine what TONY, NATIONAL and AMERICREDIT were doing. Since JOSHUA had paid the balance due well before the June 16, 2006 deadline set by TONY, NATIONAL and AMERICREDIT, he knew that there was no legal reason why TONY, NATIONAL and AMERICREDIT would be taking the vehicle.

53. JOSHUA approached TONY and asked what he was doing. TONY clearly saw that TONY was attempting to communicate with him but ignored JOSHUA and refused to answer.

//

54. JOSHUA then telephoned AMERICREDIT on JOSHUA'S cellular telephone.

55. During the ensuing conversation with AMERICREDIT, AMERICREDIT confirmed that it received JOSHUA's payment, that JOSHUA was now paid up as to the alleged debt, and that TONY and NATIONAL had no authorization or reason to be taking the vehicle.

56. JOSHUA then attempted to tell TONY that AMERICREDIT was on the telephone and had stated that TONY should not be take the vehicle.

57. Again, TONY ignored JOSHUA and continued to take the vehicle.

58. JOSHUA then told AMERICREDIT that TONY and NATIONAL were continuing to take the vehicle. In response, AMERICREDIT asked to talk directly with TONY.

59. JOSHUA then informed TONY that AMERICREDIT wanted to speak with him. TONY yet again ignored JOSHUA and turned up the radio volume in the cab of TONY'S tow truck to drown out Plaintiff's protesting.

60. JOSHUA continued to attempt to have TONY speak to AMERICREDIT on the telephone, all to no avail.

61. TONY then finished securing JOSHUA's vehicle to TONY'S tow truck and left JOSHUA's driveway with JOSHUA's vehicle.

62. When TONY left, JOSHUA was still on the telephone with AMERICREDIT.

63. JOSHUA told AMERICREDIT that TONY and NATIONAL had left with the vehicle and asked AMERICREDIT what he should do now to get his vehicle back that had obviously been taken illegally and due to the malicious conduct of TONY and NATIONAL and negligence of AMERICREDIT.

64. AMERICREDIT acknowledged that TONY and NATIONAL had been hired by AMERICREDIT but stated that since TONY and NATIONAL had taken the vehicle, JOSHUA must now pay AMERICREDIT repossession fees, late charges and storage charges, and that JOSHUA must fill out paperwork before JOSHUA could get his vehicle back.

65. This statement by AMERICREDIT constituted the use unfair or unconscionable means to collect or attempt to collect a debt and violated Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. §§ 1692f and 1692f(1).

66. Plaintiff is informed and believes, and thereon alleges, that AMERICREDIT was the person that originally instructed NATIONAL and TONY to take the vehicle in question.  Subsequently, but before the incident described in paragraphs 39 – 65, above, AMERICREDIT became aware that the alleged debt in question was not in arrears but either instructed NATIONAL and TONY to illegally take the vehicle anyway, or negligently did nothing to instruct NATIONAL and TONY to refrain from taking JOSHUA's vehicle after it had previous instructed NATIONAL and TONY to take said vehicle.

67. AMERICREDIT had a duty to refrain from allowing JOSHUA's vehicle to be taken after the payments had been satisfied.

68. AMERICREDIT breached this duty when it either negligently instructed NATIONAL and TONY to take JOSHUA's vehicle after the payments had been satisfied, or when it failed to advise NATIONAL and TONY to discontinue the actions that AMERICREDIT had previously placed in motion and after the payments had been satisfied.

69. AMERICREDIT's breach caused both JOSHUA and EDEN harm.

70. AMERICREDIT's breach was the substantial factor in causing JOSHUA and EDEN harm, both actually and proximately.

71. JOSHUA and EDEN had a right to possess the vehicle at the time of this incident.

72. NATIONAL and TONY intentionally took possession of JOSHUA's vehicle for a significant amount of time.

73. JOSHUA did not consent to this action by NATIONAL and TONY.

//

74. JOSHUA was harmed by NATIONAL and TONY's actions, and these actions were a substantial factor in the harm to JOSHUA and EDEN.
75. JOSHUA and EDEN are informed and believe, and thereon allege, that NATIONAL is liable for the actions of TONY under respondeat superior and other theories of vicarious liability.
76. JOSHUA and EDEN are informed and believe, and thereon allege, that AMERICREDIT is liable for the actions of NATIONAL and TONY under respondeat superior and other theories of vicarious liability.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**Violations of the Fair Debt Collection Practices Act**

**15 U.S.C. § 1692 et seq. as to National**

77. Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.
78. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
79. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each NATIONAL and TONY.

//
//
//
//
//
//

## COUNT II

### Violations of the Rosenthal Fair Debt Collection Practices Act
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA) as to National and Americredit

80. Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

81. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

82. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from National and Americredit.

## COUNT III

### Battery by National

83. Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

84. TONY touched or caused EDEN to be touched with the intent to harm EDEN.

85. EDEN did not consent to TONY's conduct.

86. EDEN was harmed and/or offended by TONY's conduct.

87. A reasonable person in EDEN's situation would have been offended by TONY's touching.

88. NATIONAL is responsible for the actions of its employees and agents, pursuant to theories of respondeat superior and other theories of vicarious liability and, consequently, is liable to EDEN for the tort of Battery.

//
//
//
//

## COUNT IV

### NEGLIGENCE OF AMERICREDIT

89. Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.
90. AMERICREDIT had a duty to refrain from allowing JOSHUA's vehicle to be taken after the payments had been satisfied.
91. AMERICREDIT breached this duty when it instructed NATIONAL and TONY to take JOSHUA's vehicle, or in the alternate, when AMERICREDIT failed to instruct NATIONAL and TONY to discontinue repossession efforts after AMERICREDIT instructed NATIONAL and TONY to take vehicle.
92. AMERICREDIT's breach caused JOSHUA and EDEN foreseeable harm.
93. AMERICREDIT's breach was the substantial factor in causing JOSHUA and EDEN harm, both actually and proximately.

## COUNT V

### Conversion by National

94. Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.
95. At the time the vehicle in question was taken by NATIONAL and TONY, JOSHUA had a right to possess the vehicle and neither NATIONAL nor TONY had a present right of possession.
96. NATIONAL and TONY intentionally took possession of JOSHUA's vehicle for a significant period of time.
97. JOSHUA did not consent to NATIONAL and TONY's taking of the vehicle.
98. As a result of NATIONAL and TONY's taking of the vehicle, JOSHUA was harmed.
99. NATIONAL and TONY's actions were a substantial factor in causing JOSHUA's harm.

//

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered as follows:

**Fair Debt Collection Practices Act**

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant NATIONAL;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant NATIONAL;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant NATIONAL.

**Rosenthal Fair Debt Collection Practices Act**

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from all Defendants;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from all NATIONAL and AMERICREDIT;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from NATIONAL and AMERICREDIT.

**Battery**

- an award of general, special, and actual damages in an amount to be determined at trial from NATIONAL;
- an award of punitive damages from NATIONAL;
- an award of pre-judgment interest at the legal rate from NATIONAL;
- an award of reasonable attorney fees and costs associated with the suit from NATIONAL; and;
- any other relief this Court deems just and proper from NATIONAL.

//
//
//
//

### Negligence

- an award of general, special, and actual damages in an amount to be determined at trial from AMERICREDIT;
- an award of pre-judgment interest at the legal rate from AMERICREDIT;
- an award of reasonable attorney fees and costs associated with the suit from AMERICREDIT; and;
- any other relief this Court deems just and proper from AMERICREDIT.

### Conversion

- an award of general, special, and actual damages in an amount to be determined at trial from NATIONAL;
- an award of punitive damages from NATIONAL;
- an award of pre-judgment interest at the legal rate from NATIONAL;
- an award of reasonable attorney fees and costs associated with the suit from NATIONAL; and;
- any other relief this Court deems just and proper from NATIONAL.

### TRIAL BY JURY

100. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 2, 2007

Respectfully submitted,
**HYDE & SWIGART**

By: /s/ Robert L. Hyde
Robert L. Hyde, Esq.
Attorney for Plaintiff