SCOTT J. HYMAN (State Bar No. 148709)
ERIC J. TROUTMAN (State Bar No. 229263)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118
Email Address: sjh@severson.com
Email Address: ejt@severson.com

Attorneys for Defendant
AMERICREDIT FINANCIAL
SERVICES, INC. erroneously
sued as "AMERICREDIT"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOSHUA JACOBSON AND EDEN VILLARREAL<br><br>Plaintiffs<br><br>vs.<br><br>AMERICREDIT CORPORATION, NATIONAL AUTO RECOVERY BUREAU AND TONY DOE<br><br>Defendants. | Case No.: C07-2694 JCS<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE (FRCP R. 12(f))**<br><br>Date: October 5, 2007<br>Time: 9:30 a.m.<br>Dept: A<br>Judge: Hon. Joseph C. Spero<br><br>Complaint: May 21, 2007<br>Trial date: None set |
|---|---|

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on October 5, 2007 at 9:30 a.m., or as soon thereafter as counsel may be heard in Dept. A of the above-referenced Court located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, Defendant AMERICREDIT FINANCIAL SERVICES, INC. erroneously sued as "AMERICREDIT" will, and hereby does, move for an order striking portions of the Plaintiffs' First Amended Complaint ("FAC") which directly contradict factual

31085/0104/638101.1                                           NOTICE OF MOTION AND MOTION TO STRIKE
                                                                                              - FRCP R. 12(f)

allegations contained in the Original Complaint. Federal Rules of Civil Procedure "FRCP" R. 12(f); *Bradley v. Chiron Corp.* 136 F.3d 1317 (Fed. Cir. 1998.)

The grounds for the motion are that the allegations of the FAC directly contradict factual allegations pleaded in the Original Complaint. Plaintiff's Original Complaint pleaded that the repossession by NATIONAL and TONY was "*not* authorized by AmeriCredit." (Complaint ¶ 37 (emphasis added.)) Plaintiff's FAC, on the other hand, pleads that the repossession by NATIONAL and TONY was, *in fact,* authorized by AmeriCredit because AmeriCredit "instructed NATIONAL and TONY to illegally take the vehicle anyway". (FAC, 10:15-19).

Whereas a party has the right to amend a pleading, it does not have the right to submit divergent allegations and theories which are submitted purely to evade a well-taken Motion to Dismiss. Changed recitations which are merely "a transparent attempt to conform the facts to the requirements of a cause of action" are properly disregarded/stricken. (*Bradley v. Chiron Corp. supra* 136 F.3d at 1324-1326).

AmeriCredit requests that the Court strike that language contained in the FAC which is inconsistent with plaintiff's factual plea in his Original Complaint that the repossession was "*not* authorized by AmeriCredit", as plaintiff's Original Complaint alleged:

From FAC, Page 2, ln. 15 the allegation:

> **"AMERICREDIT, all debt collectors."**

From Page 4, the whole of Paragraph 15 reading:

> **"Plaintiff are informed and believe, and thereon allege, that AMERICREDIT in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code Section §1788.2(c)."**

- 2 -

From Page 4, ln. 7 the words:

> "nor AMERICREDIT."

From Page 5, the entirety of Paragraph 25 which reads:

> **"Plaintiffs are informed and believe, and thereon allege, that on or about June 9, 2006 TONY and NATIONAL were acting, jointly, as agents and representatives of AMERICREDIT."**

From Page 7, ln. 12, the words:

> "and AMERICREDIT."

From Page 8, ln. 20, the words:

> "and AMERICREDIT."

From Page 8, ln. 22, the words:

> "and AMERICREDIT."

From Page 8, lns. 23, the words:

> "and AMERICREDIT."

From page 10, the entirety of Paragraph 66 which reads:

> **"Plaintiff is informed and believes, and thereon alleges, that AMERICREDIT was the person that originally instructed NATIONAL and TONY to take the vehicle in question. Subsequently, but before the incident described in paragraphs 39-65, above, AMERICREDIT became aware that the alleged debt in question was not in arrears but either instructed NATIONAL and TONY to illegally take the vehicle anyway, or negligently did nothing to instruct NATIONAL and TONY to refrain from taking JOSHUA'S vehicle after it had previous [sic.]**

instructed NATIONAL and TONY to take said vehicle."

From page 10, lines 15-19 the words:

"either negligently instructed NATIONAL and TONY to take JOSHUA's vehicle after the payments had been satisfied, or when it failed to advise NATIONAL and TONY to discontinue the actions that AMERICREDIT had previously placed in motion and after the payments had been satisfied."

From page 11, lines 6-8, the words:

"JOSHUA and EDEN are informed and believe, and thereon allege, that AMERICREDIT is liable for the actions of NATIONAL and TONY under repondeat superior and other theories of vicarious liability."

From page 13, lines 7-10, the words:

"when it instructed NATIONAL and TONY to take JOSHUA's vehicle, or in the alternate, when AMERICREDIT failed to instruct NATIONAL and TONY to discontinue repossession efforts after AMERICRECUT instructed NATIONAL and TONY to take vehicle [sic.]"

- 4 -

This Motion is made and based upon this Notice of Motion and Motion, the attached memorandum of points and authorities, the Declaration of Eric J. Troutman, all matters upon which judicial notice can be taken, and upon all documents properly on file before this Court.

DATED: August 24, 2007

SEVERSON & WERSON
A Professional Corporation

By _____
ERIC J. TROUTMAN
Attorneys for Defendant
AMERICREDIT FINANCIAL
SERVICES, INC. erroneously sued as
"AMERICREDIT"

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs opposed AmeriCredit's previous Motion to Dismiss on the basis that they intended to clarify "scriveners errors" contained in the Original Complaint. (Plaintiff's Opposition to AmeriCredit's Motion to Dismiss (Original Complaint), 2:15-18). Instead, Plaintiffs lodged significantly new allegations – including factual allegations that directly conflict with factual allegations plaintiff made in his Original Complaint – and which were factual allegations on which AmeriCredit largely based its Motion to Dismiss.[1]

Specifically, Plaintiffs' Original Complaint pleaded that the repossession of plaintiff's vehicle by NATIONAL and TONY was "not authorized by AmeriCredit." (Complaint ¶ 37 (emphasis added.)). AmeriCredit moved to dismiss based on that factual allegation. Plaintiffs' FAC now pleads that the repossession of plaintiff's vehicle by NATIONAL and TONY was, in fact, authorized by AmeriCredit: AmeriCredit "instructed NATIONAL and TONY to illegally take the vehicle anyway". (FAC, 10:15-19; *see also* FAC ¶¶ 25, 29, 40, 42, 52, 66, and 75.)).

Where an amendment to a Complaint contains contrary factual pleadings that constitute a mere"transparent attempt to conform the facts to the requirements of a cause of action", such allegations are properly disregarded/stricken. (*Bradley v. Chiron Corp.* 136 F.3d 1317, 1324-26 (Fed. Cir. 1998.)).

## II. PROCEDURAL HISTORY

Plaintiffs' action arises out of an alleged repossession of a vehicle owned by Plaintiff Joshua Jacobson. The repossession was undertaken by Defendant and

---

[1] For the Court's convenience and ease of reference, AmeriCredit made a red-lined comparison between plaintiff's Original Complaint and FAC. (Decl. of Eric J. Troutman, Ex. A).

alleged debt-collector Tony Doe, who was an employee of National. The repossession was allegedly conducted to enforce a debt owed to AmeriCredit.

Though Plaintiffs' action is styled as one seeking recovery for the breach of the Federal and State Fair Debt Collection Practices Acts, the Original Complaint did not purport that AmeriCredit was a "debt-collector" under state or federal law and did not allege that AmeriCredit took any action to collect upon any debt owed by any individual in this action. (Decl. of Eric J. Troutman, Ex. A (4:12-17)). More importantly, the Original Complaint alleged that Tony and National's actions "were not authorized by AmeriCredit". (Decl. of Eric J. Troutman, Ex. A (8:21-22). Accordingly, July 2, 2007 Defendant AmeriCredit filed a Motion to Dismiss largely based on plaintiff's allegation that Tony's and National's conduct was not authorized by AmeriCredit.

Plaintiffs' "Opposition", filed on July 19, 2007, consisted of a request for leave to amend – contending that the Complaint contained "Scrivener's errors" in need of correction. (Plaintiffs' Opposition to AmeriCredit's Motion to Dismiss (Original Complaint), 2:15-18). Because FRCP Rule 15(a) gives every party the right to file one amendment before a "responsive pleading" is filed, AmeriCredit submitted no reply. The Court granted Plaintiffs leave to amend presumably, in part, based on Plaintiffs' representation that scrivener's errors would be cured.

### III. PLAINTIFF'S CORRECTION OF HIS "SCRIVENER ERRORS" INSTEAD DELETED AND CONTRADICTED THE PRINCIPAL FACTUAL ALLEGATION ON WHICH AMERICREDIT BASED ITS MOTION.

The FAC newly alleges that AmeriCredit was more than a mere creditor. Plaintiffs have now come to realize that AmeriCredit is also a "debt collector." The FAC alleges that Plaintiffs are "informed and believe that AMERICREDIT in the

ordinary course of business, regularly, engages in debt collection as that term is defined by California Civil Code § 1788.2(b.)" (FAC ¶ 15.)

Whereas this allegation is certainly helpful to surviving the pleading stage, it is unclear where this newly discovered "information and belief" came from.

Next, as regards the events of June 9, 2006, we find that AmeriCredit has taken on a much more sinister role than previously plead.

In the Complaint, AmeriCredit was not alleged to have directed, controlled or ratified Tony's activities of June 9, 2006.[2] To the contrary AmeriCredit was alleged to have required Tony to return the Jacobson's' funds. (Complaint ¶ 31.) Tony was forced to acknowledge to Joshua that Tony was a "third party" without authorization to accept funds on behalf of AmeriCredit. (Complaint ¶ 31.)

Moreover, the Complaint had alleged that "the alleged debt was assigned, placed or otherwise transferred to National for collection..." (Complaint ¶ 23) and that Tony was an agent and employee of National. (Complaint ¶ 14.) It did not allege any relationship between AmeriCredit and National other than assignor/assignee. AmeriCredit was not alleged to have been working together, in any way, with National and Tony.

The FAC radically changes matters. According to the FAC "Plaintiffs are informed and believe…that on or about June 9, 2006 Tony and National were acting, jointly, *as agents and representatives* of AMERICREDIT." (FAC ¶ 25.) [Emphasis Added.] Hence Tony's activities are now described as "an attempt by National and Tony to collect a debt for AmeriCredit." (FAC ¶ 29.) We are now to believe that the assignee/assignor relationship mentioned in the Complaint was

---

[2] On that date, Tony is alleged to have arrived at Jacobson's home seeking to repossess Jacobson's vehicle. (Complaint ¶ 24; FAC ¶ 26.) Tony is alleged to have made false statements to Jacobson in violation of state and federal law. (Complaint ¶ 24 & 25; FAC ¶ 26 & 27.) Tony is then alleged to have driven Plaintiff to a bank; accepted funds from Plaintiff; and to have promised Plaintiff that his account arrearage with AmeriCredit was paid off in full. (Complaint ¶ 26, 27, 28 & 29; FAC ¶ 28, 29, 30, 31, 32, 33, 34 & 35.)

actually an *agency* relationship and that Tony was somehow acting within the "course and scope" of his agency with AmeriCredit in doing the acts alleged in the FAC.

Further, we are now informed of AmeriCredit's malicious intent in requiring Tony to return the subject proceeds- "AMERICREDIT was apparently attempting to create a default so that AMERICREDIT could charge fees, costs and other expenses..." (FAC ¶ 40.) Hence AmeriCredit now appears to have first sent Tony to obtain payment from Plaintiff, and then instructed Tony to return the money for the sole purpose of increasing fees and costs!

The discrepancies continue, however.

According to the Complaint, on June 12, 2006, Tony returned to Jacobson's home and made further false statements. (Complaint ¶¶ 32 and 33.) Whereas the Complaint alleged that these misrepresentations constituted violations of the FDCPA by Tony and National alone (Complaint ¶ 33), the FAC clarifies that AmeriCredit is somehow likewise to blame. (FAC ¶ 42.)

Finally, and most importantly, are the changed allegations pertaining to the repossession:

According to the Complaint,[3] Jacobson wired funds to AmeriCredit to pay off his arrearage owing on his Jeep Vehicle. (Complaint ¶ 34.) AmeriCredit confirmed to Jacobson that it had received Jacobson's payment and that Tony had "no authorization" to repossess his vehicle. (Complaint ¶ 46.) Nonetheless, Tony acted **in a manner "not authorized"** by AmeriCredit and repossessed Jacobson's vehicle, allegedly injuring Jacobson's daughter in the process. (Complaint ¶¶ 35, 36, 37 and 38.) AmeriCredit was not alleged to have known that Tony was going to act to repossess the vehicle without its authorization.

---

[3] These allegations were not plead upon information and belief- Plaintiffs were sure about them.

- 9 -

Now, however, the Plaintiffs now see the matter differently. They have **stricken** the language "these actions by Defendant were not authorized by AmeriCredit," once present at Paragraph 37 from the FAC. AmeriCredit's red-lined comparison of plaintiff's Original and First Amended Complaint visually demonstrates the sham pleading:

> 37.   Because these actions by Defendant were not authorized by 46.   TONY, NATIONAL and AMERICREDIT, TONY had no present right to possess the property at that sought to possesstime. As such, TONY and NATIONAL violated 15 U.S.C. § 1692f(6). Because TONY and NATIONAL violated 15 U.S.C. §1692f(6), TONY and NATIONAL also violated Cal. Civ. Code § 1788.17. (Declaration of Eric J. Troutman, Ex. A (8:18-24).

Now, Plaintiffs' FAC pleads that the acts of Tony were the acts of AmeriCredit. At FAC Paragraph 44, the "false deadline" to pay the arrearage, once given by Tony, is now given by "TONY, NATIONAL and AMERICREDIT." Indeed, the "process of taking" the vehicle, once described as an act undertaken by Tony alone (Complaint ¶ 43), is now an act undertaken by "Tony, NATIONAL and AMERICREDIT." (FAC ¶ 52.)

Indeed, because of the sham deletion and new allegation, plaintiff's FAC is now internally inconsistent. While AmeriCredit is now pleaded apparently to have undertaken a new, active role in the repossession, Plaintiffs continue to plead that AmeriCredit was bizarrely simultaneously attempting to prevent it. AmeriCredit representatives verified repeatedly to the Plaintiff that Tony should not be taking the vehicle and asked to speak directly to Tony to prevent the repossession. (Complaint ¶¶ 47, 48, 49 and 50; FAC ¶ 57, 58, 59, and 60.) Tony refused to speak to AmeriCredit representatives and repossessed the vehicle notwithstanding AmeriCredit's efforts to prevent it. (Complaint ¶¶ 47, 48, 49 and 50; FAC ¶ 59, 60, and 61.) Moreover, notwithstanding the plea in both manifestations of the Complaint that AmeriCredit attempted to prevent the repossession, the FAC pleads

- 10 -

contrary villainy by asserting that "either instructed NATIONAL and TONY to illegally take the vehicle anyway, or negligently did nothing to instruct NATIONAL and TONY to refrain from taking [the vehicle…]" (FAC, ¶ 66).

### IV. AMERICREDIT PROPERLY BRINGS A MOTION TO STRIKE SHAM ALLEGATIONS CONTAINED IN AN AMENDED COMPLAINT.

Before responding to a pleading, if no responsive pleading is permitted, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter." (Fed. R. Civ. P. Rule 12(f.)). A motion to strike is designed for excision of material from a pleading, and is properly used to attack portions thereof. (*Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1527, rev'd on other grounds in *Fogerty v. Fantasy, Inc.* (1994) 510 US 517, 534-535). True, motions to strike are not favored motions because of the policy favoring resolution on the merits. (*E.g. RDF Media, Ltd. V. Fox Broadcasting Co.* 372 F.Supp.2d 556,566 (C.D.Cal. 2005.)) But, where allegations in an amended pleading are a mere "sham" and a "transparent attempt to conform the facts to the requirements of the cause of action", a court should not hesitate to strike those allegations. (*Bradley v. Chiron Corp.* 136 F.3d 1317, 1324-1326 (Fed. Cir. 1998.)).

### V. PLAINTIFFS' FACTUAL ALLEGATIONS THAT CONTRADICT ALLEGATIONS MADE IN THE COMPLAINT SHOULD BE STRICKEN AS A TRANSPARENT ATTEMPT TO CONFORM THE FACTS TO A CAUSE OF ACTION

As set forth above, the FAC sets forth a highly divergent factual scenario from the Complaint. The factual and legal positions of the two pleadings are diametrically opposed and unrectifiable.

- 11 -

Plaintiffs explain the divergence between the two pleadings as the correction of "Scrivener's errors."[4] Scrivener's error is most commonly addressed in the contractual setting and is generally considered a "mistake performed by the person who drafted the instrument in such a manner that it did not express what was actually agreed." *Flax v. Prudential Life Ins. Co. of America* 148 F.Supp. 720, 727 (D.C.Cal. 1957.)

The term appears undefined in case law as it pertains to pleadings. At center, however a scrivener is a draftsman. A Scrivener's error, therefore, must be one made merely in the drafting of a Complaint- a technical, minor, and unintentional error which reflects more upon the draftsman than the merits of the Plaintiffs' action.[5]

The wholesale reversal of factual positions taken by the Plaintiffs in this action is neither technical, nor minor – it is a flip-flop calculated to impose liability on AmeriCredit.

There is a consistency to the allegations of the Original Complaint which betray an intentionality to the story it tells. *Throughout* the Original Complaint the allegations stack up to present a consistent picture- one of a creditor who assigns a debt to a repossession company who, both without authorization and over objection of AmeriCredit, repossesses plaintiff's vehicle.

The FAC, on the other hand, presents an entirely different and internally inconsistent vision -- one of a creditor that collects a sum of money, only to return it to a debtor; then orchestrates a repossession of a vehicle while, simultaneously trying to stop it.

---

[4] See Plaintiffs' Response in Opposition to Defendant AmeriCredit's Motion to Dismiss, pg. 2 lns. 15-18.

[5] A scrivener's error is a clerical error resulting from "a minor mistake or inadvertence, esp. in writing or copying something on the record." (*United States v. Gibson,* 356 F.3d 761, 766 n. 3 (7th Cir.2004) (quoting Black's Law Dictionary 563 (7th ed.1999)).

These vacillating allegations are not the seamless, and consistent, prose one would expect upon the correction of "Scrivener's errors." Rather they demonstrate the sham nature of the amendment and betray that Plaintiffs did not make merely minor, technical changes to correct a Scrivener's error.

The Courts of Appeals prohibit such molding of facts to fit a cause of action. In *Bradley v. Chiron, supra,* a wayward Plaintiff had twice alleged that he had received a relevant settlement agreement and had signed it without reliance on counsel. (*Id.* at 1325). The Plaintiff's Second Amended Complaint, however, alleged that Plaintiff had signed the subject agreement upon reliance on counsel. (*Id.*) The District Court refused to accept the new allegations, striking the allegations and dismissing the case. The district court pointed out the discrepancies between the second and the first amended complaints, and struck the new facts as "false and sham." (*Id.* at 1324). In arriving at that conclusion, the district court described the Plaintiff's changed recitations as "a transparent attempt to conform the facts to the requirements of the cause of action." (*Id.*)

In affirming, the Circuit Court first noted with approval the remark that "plaintiff could not, in good faith, have so diametrically reversed his recollection and position between the time of the filing of his original complaint and that of his second amended pleading." (*Id.*) The Court of Appeals also noted the "consistency" and "fixed and clear" positions taken by the Complaint and FAC. The District Court rejected the Plaintiff's explanation of a "eventual recollection," and the Court of Appeals supported him, noting that the court below "did not abuse its discretion in rejecting the changes as sham." (*Id.* at 1325).

> Although [Plaintiff] in his brief describes these differences as "hardly material," we must agree with the district court that the new pleadings exceeded permissible adjustment of factual allegations. (See *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296 (9th

- 13 -

        Cir.1990) (grant of leave to amend is grounded on expectation of facts reasonably consistent with those already pled). The allegations were changed in material ways that were not adequately explained. The district court did not err in concluding that "as in Schwartz [ v. Esmark, supra ], Plaintiff's self-serving explanation [that he was simply complying with the trial court's directive to state the circumstances surrounding his mistakes] lacks credibility." *Id.*

    The similarities between this action and *Bradley* are readily apparent. Plaintiff's new allegations are not only inconsistent with those previously pleaded pursuant to Federal Rule 11, but such new allegations render plaintiff's FAC internally inconsistent. As was the case is *Bradley* Plaintiffs' could not, in good faith, have so diametrically reversed their recollection and position "between the time of the filing of his original complaint and that of [their] second amended pleading." (*Id.* at 1325.) On no less than five occasions, the FAC simply inserts the words "and AMERICREDIT" to include AmeriCredit into wrongful acts which had originally been those only of Tony or National.[6] On another occasion Plaintiffs add the word "nor AmeriCredit" to establish its liability as a debt collector.[7] Plaintiff also deletes the unambiguous allegation that Tony and National's actions "were not authorized by AmeriCredit"[8] and replaces that allegation with one alleging an agency relationship not previously pleaded.[9] When combined with plaintiff's "strategic deletion" of factual allegations, plaintiff's new allegations constitute neither a good-faith and spontaneous "recollection" of events, nor a mere

---

[6] See FAC pg. 2 ln. 15; pg. 7 ln. 12; pg. 8 ln. 20; pg. 8 ln. 22; and pg. 8 ln. 23.

[7] FAC pg. 4 ln. 7.

[8] Complaint ¶ 37

[9] FAC (¶ 25.)

- 14 -

"scrivener's error" by Plaintiff's counsel. Instead, the new allegations represent "a transparent attempt to conform the facts to the requirements of the cause of action", spurned by AmeriCredit's previously filed Rule 12(b)(6) motion.

Accordingly, the challenged allegations of the FAC should be stricken as sham allegations.

## VI. CONCLUSION

For the forgoing reasons Defendant AmeriCredit respectfully requests that the Court enter an order striking the referenced allegations of the FAC.

DATED: August 24, 2007

SEVERSON & WERSON
A Professional Corporation

By: _____
ERIC J. TROUTMAN
Attorneys for Defendant
AMERICREDIT FINANCIAL
SERVICES, INC. erroneously
sued as "AMERICREDIT"

31085/0104/638101.1

NOTICE OF MOTION AND MOTION TO STRIKE
- FRCP R. 12(f)

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine and County of Orange, California; my business address is Severson & Werson, 19100 Von Karman, Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s):

**NOTICE OF MOTION AND MOTION TO STRIKE (FRCP R. 12(f))**

on all interested parties in said case addressed as follows:

Robert L. Hyde
Joshua B. Swigart
Hyde & Swigart
411 Camino Del Rio South
Suite 301
San Diego, CA 92108-3551
PH: (619) 233-7770
FX: (619) 330-4657
Attorneys for Plaintiff Joshua Jacobson

Michael Burke, Esq.
Vogl & Meredith
56 Montgomery Street, 20th Floor
San Francisco, CA 94104-1233
PH: (415) 398-0200
FX: (415) 398-2820

☑ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed in Irvine, California, on August 24, 2007.

_____
LORRAINE JOHNSON