SCOTT J. HYMAN (State Bar No. 148709)
ERIC J. TROUTMAN (State Bar No. 229263)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118
Email Address: sjh@severson.com
Email Address: ejt@severson.com

Attorneys for Defendant
AMERICREDIT FINANCIAL
SERVICES, INC. erroneously
sued as "AMERICREDIT"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JACOBSON AND EDEN VILLARREAL<br><br>Plaintiffs<br><br>vs.<br><br>AMERICREDIT, NATIONAL AUTO RECOVERY BUREAU, AND TONY DOE,<br><br>Defendants. | Case No.: C07-2694 JCS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP R. 12(b)(6))**<br><br>Date: October 5, 2007<br>Time: 9:30 a.m.<br>Crtrm.: A<br>Judge: Honorable Joseph C. Spero<br><br>Complaint: May 21, 2007<br>Trial date: None set |

31085/0104/639122.2

NOTICE OF MOTION AND MOTION TO DISMISS - FRCP R. 12(b)(6)

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 5, 2007 at 9:30 a.m., or as soon thereafter as counsel may be heard in Courtroom A of the above-referenced Court located at 450 Golden Gate Avenue, San Francisco, California, Defendant AMERICREDIT FINANCIAL SERVICES, INC. erroneously sued as "AMERICREDIT" will, and hereby does, move for an order of dismissal upon the basis that Plaintiffs' Complaint does not state a claim upon which relief can be granted. (Federal Rules of Civil Procedure R. 12(b)(6.).)

The grounds for the Motion are as follows:

1. The First Cause of Action for Violations of the Fair Debt Collection Practices Act does not set forth a claim upon which relief can be granted as to AmeriCredit because it is alleged against Defendant "National" only.

2. Disregarding allegations of the FAC which contradict the Original Complaint, the Second Cause of Action for Violations of the Rosenthal Fair Debt Collection Practices Act does not set forth a claim upon which relief can be granted because there is no allegation that AmeriCredit undertook any conduct which violated the RFDCPA.

3. Disregarding allegations of the FAC which contradict the Original Complaint, the Fourth Cause of Action for Negligence must fail because: a) National's wrongful conduct was "not authorized" by AmeriCredit b) AmeriCredit is without any duty to control the conduct of a third-party; and c) AmeriCredit is not vicariously liable for the actions of National.

AmeriCredit's Motion is made and based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Request for

- 2 -

Judicial Notice, the Declaration of Eric J. Troutman, and upon all documents properly on file before this Court.

DATED: August 24, 2007

SEVERSON & WERSON
A Professional Corporation

By _____
ERIC J. TROUTMAN
Attorneys for Defendant
AMERICREDIT FINANCIAL SERVICES, INC. erroneously sued as "AMERICREDIT"

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

AmeriCredit files concurrently with this Motion, a Motion to Strike allegations in Plaintiffs' First Amended Complaint that are inconsistent with Plaintiffs' Original Complaint. AmeriCredit requests that the Court read and address AmeriCredit's Motion to Strike *first*, as the merits of the instant Motion to Dismiss turn largely on the outcome of the Court's ruling on AmeriCredit's Motion to Strike.

Specifically, Plaintiffs' Original Complaint pleaded that the repossession of Plaintiff's vehicle by NATIONAL and TONY was "not authorized by AmeriCredit." (Complaint ¶ 37 (emphasis added.)). AmeriCredit previously moved to dismiss based on the factual allegations of the Complaint. Plaintiffs' FAC now pleads that the repossession of Plaintiff's vehicle by NATIONAL and TONY was, in fact, authorized by AmeriCredit: AmeriCredit "instructed NATIONAL and TONY to illegally take the vehicle anyway…" (FAC, 10:15-19; *see also* FAC ¶¶ 25, 29, 40, 42, 52, 66, and 75.)).

If the Court grants AmeriCredit's Motion to Strike, and binds Plaintiffs to the factual allegation in their Original Complaint, then AmeriCredit trusts that the Court will find the instant Motion to Dismiss well founded. If, however, the Court elects not to disregard the changed allegations of the FAC, AmeriCredit withdraws the instant Motion to Dismiss on the basis that the Court likely would find Plaintiffs' new allegations – taken as true -- well pleaded.

//
//
//
//
//

## II. IF THE COURT BINDS PLAINTIFFS TO THEIR PREVIOUS ALLEGATIONS THE COURT MUST DISMISS PLAINTIFFS' ACTION.

### a. The Court need not accept allegations that conflict with allegations made in a previous Complaint.

In reviewing a 12(b)(6) Motion, the Court must accept as true all material allegations in a Complaint, as well as reasonable inferences to be drawn therefrom. (*Pareto v. F.D.I.C.* 139 F.3d 696, 699 (9th Cir. 1998); *Cahill v. Liberty Mut.Ins. Co.*, 76 F.3d 692, 697 (9th Cir. 1996). However, the District Court is not required to accept as true allegations in an Amended Complaint that, without any explanation, contradict an earlier Complaint. (*Bradley v. Chiron Corp.* 136 F.3d 1317, 1324 (Fed. Cir. 1998.)) Nor is it required to accept conclusionary allegations or legal characterizations. (E.g. *Transphase Systems, Inc. v. Southern Calif. Edison Co.* 839 F.Supp.711, 718 (C.D. Cal. 1993.))

AmeriCredit's Motion tests the legal sufficiency of the claims alleged in the FAC and must be granted if Plaintiffs' Complaint fails to state a claim upon which relief can be based. (FRCP R. 12(b)(6); *Parks School of Business v. Symington,* 51 F.3d 1460, 1484 (9th Cir. 1995)) AmeriCredit's Motion should be granted, and Plaintiffs' case dismissed, based upon the lack of a cognizable legal theory and the absence of sufficient facts alleged under a cognizable legal theory. (*See e.g. Balistreri v. Pacifica Police Dpt.,* 901 F.2d 696, 699 (9th Cir. 1998)).

### b. Plaintiffs' Correction Of "Scrivener Errors" Instead Deleted And Contradicted The Principal Factual Allegations On Which AmeriCredit Based Its Motion.

Both the Original Complaint and the FAC allege that AmeriCredit is an entity to which Jacobson incurred financial obligations for personal, family or

household purposes. (Complaint ¶¶ 20 & 21; FAC ¶ 20 & 21.) Hence, AmeriCredit is a "creditor" of Plaintiff. 15 USC Section 1692a(4); Cal. Code Civ. Pro. Section 1788.2(i.)).

Likewise, under both the Complaint and the FAC, sometime before June 9, 2006, Jacobson fell behind on the debt he owed to AmeriCredit on Jacobson's Jeep vehicle. (Complaint ¶ 22; FAC ¶ 22.) Jacobson does not deny that a debt existed in favor of AmeriCredit.

Unlike the Complaint, however, the FAC newly alleges that AmeriCredit was more than a mere creditor. Plaintiffs allege that AmeriCredit is also a "debt collector." The FAC alleges that Plaintiffs are "informed and believe that AMERICREDIT in the ordinary course of business, regularly, engages in debt collection as that term is defined by California Civil Code § 1788.2(b.)" (FAC ¶ 15.)

Likewise, as regards the events of June 9, 2006[1], the FAC explains that AmeriCredit's role was much larger and more sinister than previously alleged.

In the Complaint, AmeriCredit was not alleged to have directed, controlled or ratified Tony's activities. To the contrary, AmeriCredit was alleged to have required Tony to return Jacobson's funds. (Complaint ¶ 31.) Tony was forced to acknowledge to Jacobson that he was a "third party" without authorization to accept funds on behalf of AmeriCredit. (Complaint ¶ 31.)

Moreover, the Complaint had alleged that "the alleged debt was assigned, placed or otherwise transferred to National for collection..." (Complaint ¶ 23) and that Tony was an agent and employee of National. (Complaint ¶ 14.) It did not allege any relationship between AmeriCredit and National other than

---

[1] On that date, Tony is alleged to have arrived at Jacobson's home seeking to repossess Jacobson's vehicle. (Complaint ¶ 24; FAC ¶ 26.) Tony is alleged to have made false statements to Jacobson in violation of state and federal law. (Complaint ¶ 24 & 25; FAC ¶ 26 & 27.) Tony is then alleged to have driven Plaintiff to a bank; accepted funds from Plaintiff; and to have promised Plaintiff that his account arrearage with AmeriCredit was paid off in full. (Complaint ¶ 26, 27, 28 & 29; FAC ¶ 28, 29, 30, 31, 32, 33, 34 & 35.)

assignor/assignee. AmeriCredit was not alleged to have been working together, in any way, with National and Tony.

The FAC radically changes matters. According to the FAC "Plaintiffs are informed and believe...that on or about June 9, 2006 Tony and National were acting, jointly, *as agents and representatives* of AMERICREDIT." (FAC ¶ 25.) [Emphasis Added.] Hence Tony's activities are now described as "an attempt by National and Tony to collect a debt for AmeriCredit." (FAC ¶ 29.) We are now to believe that the assignee/assignor relationship mentioned in the Complaint was actually an *agency* relationship and that Tony was somehow acting within the "course and scope" of his agency with AmeriCredit in doing the acts alleged in the FAC.

Further, we are now informed of AmeriCredit's malicious intent in requiring Tony to return the subject proceeds- "AMERICREDIT was apparently attempting to create a default so that AMERICREDIT could charge fees, costs and other expenses..." (FAC ¶ 40.)

As regards the repossession itself, the Complaint had alleged that the actions of Tony and National were theirs alone, unauthorized by AmeriCredit. AmeriCredit's red-lined comparison of plaintiff's Original and First Amended Complaint visually demonstrates the sham pleading, where P

Plaintiff deletes the allegation that AmeriCredit did not authorize the repossession:

> 37.    Because these actions by Defendant were not authorized by 46.    TONY, NATIONAL and AMERICREDIT, TONY had no present right to possess the property at that sought to possess time. As such, TONY and NATIONAL violated 15 U.S.C. § 1692f(6). Because TONY and NATIONAL violated 15 U.S.C. §1692f(6), TONY and NATIONAL also violated Cal. Civ. Code § 1788.17. (Declaration of Eric J. Troutman, Ex. A (8:18-24).

Now, Plaintiffs' FAC pleads that the acts of Tony were the acts of AmeriCredit. At FAC Paragraph 44, the "false deadline" to pay the arrearage, once

- 7 -

given by Tony, is now given by "TONY, NATIONAL and AMERICREDIT." Indeed, the "process of taking" the vehicle, once described as an act undertaken by Tony alone (Complaint ¶ 43), is now an act undertaken by "TONY, NATIONAL and AMERICREDIT." (FAC ¶ 52.)

Indeed, because of the sham deletion and new allegation, Plaintiffs' FAC is now internally inconsistent. While AmeriCredit is now pleaded apparently to have undertaken a new, active role in the repossession, Plaintiff continues to plead that AmeriCredit was bizarrely simultaneously attempting to prevent it. AmeriCredit representatives verified repeatedly to the Plaintiff that Tony should not be taking the vehicle and asked to speak directly to Tony to prevent the repossession. (Complaint ¶¶ 47, 48, 49 and 50; FAC ¶ 57, 58, 59, and 60.) Tony refused to speak to AmeriCredit representatives and repossessed the vehicle notwithstanding AmeriCredit's efforts to prevent it. (Complaint ¶¶ 47, 48, 49 and 50; FAC ¶ 59, 60, and 61.) Moreover, notwithstanding the plea in both manifestations of the Complaint that AmeriCredit attempted to prevent the repossession, the FAC pleads contrary villainy by asserting that "either instructed NATIONAL and TONY to illegally take the vehicle anyway, or negligently did nothing to instruct NATIONAL and TONY to refrain from taking [the vehicle...]" (FAC, ¶ 66).

### III. DISREGARDING CONFLICTING ALLEGATIONS IN THE FAC, EACH OF PLAINTIFFS' CAUSES OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

#### A. AmeriCredit is not liable to Plaintiffs on Any Direct Liability Theory

##### 1. The FAC No Longer Alleges a Cause of Action For Violation of the Federal Fair Debt Collection Practices Act

The FAC omits reference to AmeriCredit in Plaintiffs' First Cause of Action for violation of the FDCPA. Apparently, therefore, Plaintiffs have abandoned their claim against AmeriCredit on that theory.

### 2. If the Court Strikes the Allegations at Issue, Plaintiff Alleges No Acts Which Violate the California FDCPA

To qualify as a "debt collector" under State law, a person must "in the ordinary course of business, regularly, on behalf of himself or herself or others, engage in debt collection." Cal. Civ. Code Section 1788.2(c.) The term "debt collection" is defined to mean "any act or practice in connection with the collection of consumer debts." Cal. Civ. Code Pro Section 1788.2(b.)

Whereas the Complaint did not contain an allegation that AmeriCredit was a person that "in the ordinary course of business, regularly" collects debts, the FAC does. (FAC ¶ 15.) That allegation, based upon "information and belief," and so lightly regarded so as to have been omitted from the Original Complaint, is of little weight. The Court may properly disregard Plaintiffs' conclusionary and convenient allegation regarding AmeriCredit's status as a debt collector.

More to the point, the RFDCPA regulates conduct undertaken *in the process of collecting debts*. See, Cal *Civ. Code* Section 1788.10 [Forbidding threats and unlawful conduct in the *collection of debts*]; Cal. *Civ. Code* Section 1788.11 [Preventing the use of obscene or profane language and unlawful telephone practices in the *collection of debts*]; Cal. *Civ. Code* Section 1788.12 [Forbidding certain communications with third-parties in the *collection of debts*]; Cal *Civ. Code* Section 1788.13 [Forbidding misrepresentations in the *collection of debts.*]; Cal. *Civ. Code* Sections 1788.14-1788.17 [Forbidding other wrongful activity in the *collection of debts.*] Therefore, absent allegations establishing that AmeriCredit took actions to collect upon a debt in this case, Plaintiffs cannot state a claim against AmeriCredit for violating the RFDCPA.

- 9 -

The FAC now alleges that AmeriCredit was a participant in every wrongful act and schemed to use National and Tony as instruments to injure Plaintiffs. (E.g. FAC ¶¶ 25, 29, 40, 52, 65, 66.) The FAC now alleges that AmeriCredit was a participant in every wrongful act and schemed to use National and Tony as instruments to injure Plaintiffs. (E.g. FAC ¶¶ 25, 29, 40, 52, 65, 66.) However, the Complaint was clear that the only direct activity taken by AmeriCredit in furtherance of collecting a debt was the assignment of the debt to National for collection. (Complaint ¶ 23.) All other actions were alleged to have been taken by Tony and National. (E.g. Complaint ¶¶ 24-28; 35-51.) The repossession itself was allegedly "not authorized" by AmeriCredit at all. (Complaint ¶ 37.) As AmeriCredit had previously argued- The California FDCPA regulates and forbids numerous acts defined to be abuses of a consumer- the mere assignment of a debt for collection is not among them.

Accordingly, if the Court disregards the inconsistent allegations of the FAC, it may properly dismiss Plaintiffs' claim.

### 3. Plaintiffs' Fourth Cause of Action for Direct Negligence Must Fail Because AmeriCredit Was Not Under Any Duty to Control Defendant Tony's Conduct

The apparent thrust of Plaintiffs' direct negligence claim against AmeriCredit is that AmeriCredit violated a duty to "refrain from allowing" Tony from wrongfully repossessing Jacobson's automobile. (FAC ¶¶ 90 and 91.)

The Original Complaint had alleged that AmeriCredit had met its duty to refrain from "allowing" Tony to repossess the vehicle- Tony's actions were undertaken without AmeriCredit's permission or authorization. (Complaint ¶ 37.)

The FAC contradicts this claim. It now provides that AmeriCredit "instructed NATIONAL and TONY to take JOSHUA's vehicle, or in the alternate, when AMERICREDIT failed to instruct NATIONAL and TONY to discontinue

repossession efforts after AMERICREDIT instructed NATIONAL and TONY to take the vehicle." (FAC ¶ 91.)

As previously stated, the discrepancy between these allegations- Tony's actions on the one hand being "unauthorized by" and, on the other hand, being "instructed by" AmeriCredit- is alarming .

As previously stated, the discrepancy between these allegations- Tony's actions on the one hand being "unauthorized by" and, on the other hand, being "instructed by" AmeriCredit- is alarming.

This artifice can be undone, however. If the Court disregards the contradictory allegations of the FAC the Plaintiffs' claim must fail- no duty was owed by AmeriCredit to control an individual whom it had never authorized to act in the first place.[2]

Again, therefore, if the Court disregards the inconsistent allegations of the FAC, it may properly dismiss Plaintiffs' claim.

### B. AmeriCredit is Not Liable to Plaintiffs on Any Vicarious Liability Theory

Even accepting the allegations of the FAC, neither Tony's nor National's actions create liability for AmeriCredit under any asserted theory.

Any attempt to assign liability to AmeriCredit for Tony's "negligence" in undertaking his repossession obligations must fail from the outset. A creditor "is not liable for any act or omission by a licensed repossession agency, or its agent, in carrying out an assignment..." California Bus. And Prof. Code § 7507.13.

---

[2] Defendant is under no duty to prevent the conduct of a third-party that is not subject to its control. See e.g. *Martinez v. Pac. Bell*, 225 Cal.App.3d 1557, 1567 (1990); *Delgado v. Trax Bar & Grill* 36 Cal.4th 224, 234-237 (2005); *Austin B. v. Escondido Union School Dist.* 149 Cal.App.4th 860, 879 (2007) ["As a general rule, one owes no duty to control the conduct of another...."])

Business and Professions Code § 7507.13 eliminates the concept of vicarious liability and/or joint and several liability: it places exclusive responsibility on the repossessors for their own misconduct and, similarly, on the creditors for their own misconduct. Bus. & Prof. Code §§ 7507.13(a)-(b).

Plaintiff alleges that National Auto Recovery Bureau, Inc. operates from San Francisco, California. (FAC, ¶ 13.) As pointed out in AmeriCredit's first Motion to Dismiss, National's San Francisco Office holds a valid repossessor's license with the California Department of Consumer Affairs. (See RJN No. 1 Supporting Motion to Dismiss.)

Finally, if Plaintiffs are bound to allegations that AmeriCredit did not authorize the repossession or the repossessor's conduct, such absence of control negates any finding of agency or basis to impose vicarious liability. (*St. Paul Ins. Co. v. Industrial Underwriters Ins. Co.* 214 Cal.App.3d 117, 122 (1989) ("control is the decisive factor"); *see also Clark v. Capital Credit & Collection Services, Inc.* 460 F.3d 1162, 1173 (9th Cir. 2006) ("Under general principles of agency -- which form the basis of vicarious liability under the FDCPA [citation omitted] -- to be liable for the actions of another, the `principal' must exercise control over the conduct or activities of the `agent.').

### C. Plaintiff Eden's Claims Against AmeriCredit Fail for Additional Reasons

The California FDCPA is crafted to protect "debtors" from improper debt collection practices. A debtor is "any natural person from whom a debt collector seeks to collect a consumer debt..." Cal. *Civ. Code* Section 1788.2(h.) The California FDCPA does not create a right of action in favor of anyone except a "debtor." Cal. *Civ. Code* Section 1788.30(a) ["Any debt collector who violates this title with respect to any **debtor** shall be liable to **that debtor** in an amount [defined by statute...]"]) As Plaintiff Eden is not alleged to be a "debtor" she lacks

standing to assert a claim under the California FDCPA against AmeriCredit.

Finally, the Fourth Cause of Action for Negligence speaks only in terms of a duty owed to "JOSHUA" to prevent his car being repossessed. Though the FAC now claims that Eden was a "foreseeable" victim of AmeriCredit's negligence, it is not liable in negligence for Tony's acts in repossessing the vehicle. (Cal. Bus. And Prof. Code § 7507.13). Accordingly the FAC should be dismissed as to Plaintiff Eden.

## IV.   CONCLUSION

With the contradictory allegations of the FAC stricken or disregarded, the pleading fails to demonstrate that AmeriCredit is either directly or vicariously liable to Plaintiffs on any asserted theory. Accordingly, AmeriCredit respectfully requests that the Plaintiffs' FAC now be dismissed as to it.

DATED: August 24, 2007

SEVERSON & WERSON
A Professional Corporation

By: ERIC J. TROUTMAN
Attorneys for Defendant
AMERICREDIT FINANCIAL SERVICES, INC. erroneously sued as "AMERICREDIT"

31085/0104/639122.2                         NOTICE OF MOTION AND MOTION TO DISMISS
                                             - FRCP R. 12(b)(6

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine and County of Orange, California; my business address is Severson & Werson, 19100 Von Karman, Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP R. 12(b)(6))**

on all interested parties in said case addressed as follows:

Robert L. Hyde
Joshua B. Swigart
Hyde & Swigart
411 Camino Del Rio South
Suite 301
San Diego, CA 92108-3551
PH: (619) 233-7770
FX: (619) 330-4657
Attorneys for Plaintiff Joshua Jacobson

Michael Burke, Esq.
Vogl & Meredith
56 Montgomery Street, 20th Floor
San Francisco, CA 94104-1233
PH: (415) 398-0200
FX: (415) 398-2820

☑ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed in Irvine, California, on August 24, 2007.

_____
LORRAINE JOHNSON