SCOTT J. HYMAN (State Bar No. 148709)
ERIC J. TROUTMAN (State Bar No. 229263)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118
Email Address: sjh@severson.com
Email Address: ejt@severson.com

Attorneys for Defendant
AMERICREDIT FINANCIAL
SERVICES, INC. erroneously
sued as "AMERICREDIT"

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JACOBSON AND EDEN VILLARREAL<br><br>Plaintiffs<br><br>vs.<br><br>AMERICREDIT CORPORATION, NATIONAL AUTO RECOVERY BUREAU AND TONY DOE<br><br>Defendants. | Case No.: C07-2694 JCS<br><br>**DECLARATION OF ERIC J. TROUTMAN IN SUPPORT OF AMERICREDIT'S MOTION TO STRIKE AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date: October 5, 2007<br>Time: 9:30 a.m.<br>Dept: A<br>Judge: Hon. Joseph C. Spero<br><br>Complaint: May 21, 2007<br>Trial date: None set |

I, Eric J. Troutman, declare as follows:

1. I am an attorney to practice law in the state of California and am admitted to practice before the United States District Court for the Northern District of California. I am an associate with the law firm of Severson & Werson, APC, attorneys of record for Defendant AmeriCredit Financial Services, Inc. in this action. I make this declaration in support of AmeriCredit's Motion to Strike and

Motion to Dismiss, which are concurrently filed. The following facts are within my own personal knowledge and if called as a witness I would, and could, testify competently thereto.

2. For the Court's convenience and ease in addressing AmeriCredit's Motion to Strike portions of the First Amended Complaint, and AmeriCredit's Motion to Dismiss, my office has prepared a red-lined comparison of the allegations of the Complaint and the First Amended Complaint filed by Plaintiffs herein. Such comparison is attached hereto as Exhibit "A." I have reviewed the comparison and believe that it accurately compares the two pleadings.

3. As a guide to interpreting the comparison: Language which has a line through it is language which appeared in the Original Complaint but does not appear in the FAC; Language which is double underlined is language which appears in the FAC but which did not appear in the Original Complaint.

I declare under penalty of perjury under the laws of the United States of America and the State of California, that the forgoing is true and correct.

DATED:  August 24, 2007 at Irvine, California

ERIC J. TROUTMAN

# EXHIBIT "A"

Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
Josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 330-4657

Attorneys for Plaintiffs
Joshua Jacobson and Eden Villarreal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**JOSHUA JACOBSON AND EDEN VILLARREAL,**

~~PLAINTIFF~~PLAINTIFFS,

v.

AMERICREDIT, NATIONAL AUTO RECOVERY BUREAU, AND TONY DOE,

DEFENDANTS.

Case No.: ———————— C 07-02694 (JCS)

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of

abusive, deceptive, and unfair debt collection practices by many debt

collectors, and has determined that abusive debt collection practices contribute

to the number of personal bankruptcies, to marital instability, to the loss of

jobs, and to invasions of individual privacy. Congress wrote the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate

abusive debt collection practices by debt collectors, to insure that those debt

collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses.[1]

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. [2]

3.  JOSHUA JACOBSON, ("JOSHUA") and EDEN VILLARREAL ("EDEN"), by Plaintiffs' attorneys, brings this action to challenge the actions of AMERICREDIT ("AMERICREDIT"), and NATIONAL AUTO RECOVERY BUREAU, ("NATIONAL") ~~and TONY DOE ("TONY"),~~ with regard to   attempts by NATIONAL, and ~~TONY,~~

AMERICREDIT, all debt collectors, to unlawfully and     abusively collect a debt allegedly owed by JOSHUA, and this conduct caused  Plaintiffs damage.

4.  ~~For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendants named in this caption.~~

**JURISDICTION AND VENUE**

~~5.~~4.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

//

//

[1] ~~15 U.S.C. §§ 1692(a)-(e)~~
[2] ~~Cal. Civ. Code §§ 1788.1( a )-(b)~~

6.5. ~~Debt~~ This action arises out of Defendants' violations of the ~~following: the~~    Rosenthal Fair

Collection Practices Act, California Civil Code §§ 1788-    1788.32 (RFDCPA),

the Fair Debt Collection Practices Act, 15 U.S.C. §§    1692 et seq. and

California Common Law.

6.    Because Defendants do business within the State of California, personal

jurisdiction is established.

7.    ~~Because Defendants do business within the State of California, personal~~

~~jurisdiction is established.~~8.  Venue is proper pursuant to 28 U.S.C. § 1391.

¹ 15 U.S.C. §§ 1692(a)-(e)
² Cal. Civ. Code §§ 1788.1( a )-(b)

**PARTIES**

9.8.    JOSHUA is a natural person who resides in the City of San Francisco, County

of San Francisco, State of California, and is obligated or allegedly obligated to

pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. §

1692a(3).

10. 9.    EDEN is a natural person who resides in the City of San Francisco, County of

San Francisco, State of California, and is JOSHUA's <u>adult</u> daughter.

11.10.    JOSHUA is a natural person from whom a debt collector sought to collect a

consumer debt which was due and owing or alleged to be due and owing from

JOSHUA, and is a "debtor" as that term is defined by California Civil Code §

1788.2(h).

12.11.    Plaintiffs are informed and believe, and thereon allege, that AMERICREDIT

is a company operating from the City of Fort Worth, County of Tarrant, State

of Texas.

13.12.    Plaintiffs are informed and believe, and thereon allege, that NATIONAL is a

company operating from the City of San Francisco, County of San Francisco,

State of California.

14.13.    Plaintiffs are informed and believe, and thereon allege, that TONY is an <u>agent</u>

agent of NATIONAL, and operates from the City of San Francisco, County of San Francisco, State of California.

//

15.14.  Plaintiffs are informed and believe, and thereon allege, that NATIONAL is aand personTONY are persons who use an instrumentality of interstate commerce or the mails in a        business the principal purpose of which is the collection of debts, or who      regularly collects or attempts to collect, directly or indirectly, debts owed or       due or asserted to be owed or due another and isare therefore "debt collectors" as   that term is defined by 15 U.S.C. § 1692a(6).

//

//

15.     Plaintiff are informed and believe, and thereon allege, that AMERICREDIT, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16.     Plaintiffs are informed and believe, and thereon allege, that neither NATIONAL, TONY, nor TONYAMERICREDIT is an attorney or counselor at law and are persons        who, in the ordinary course of business, regularly, on behalf of themselves or        others, engage in debt collection as that term is defined by California Civil        Code § 1788.2(b), and isall are therefore a "debt collectors" as that term is defined by        California Civil Code § 1788.2(c).

17.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18.     At all times relevant Plaintiffs were individuals residing within the State of

- 4 -

California.

19. Plaintiffs are informed and believe, and thereon allege, that at all times

relevant Defendants conducted business in the State of California.

20. Sometime before June 9, 2006, JOSHUA allegedly incurred financial

obligations to AMERICREDIT that were money, property, or their equivalent,

which is due or owing, or alleged to be due or owing, from a natural person to

another person and were therefore "debt(s)" as that term is defined by

California Civil Code §1788.2(d), and a "consumer debt" as that term is

defined by California Civil Code § 1788.2(f).

#

21. These financial obligations were primarily for personal, family or household

purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.

§ 1692a(5).

22. Sometime thereafter, but before June 9, 2006, JOSHUA allegedly fell behind in the

in the payments allegedly owed on the alleged debt. JOSHUA currently takes

no position as to whether or not this alleged debt was actually owed.

23. Plaintiffs are informed and believe, and thereon allege, that subsequently, but

before June 9, 2006, the alleged debt wasAMERICREDIT assigned, placed, or otherwise

transferred, the alleged debt to NATIONAL, for collection and repossession.

24. Plaintiffs are informed and believe, and thereon allege, that on or about June

9, 2006 through June 12, 2007, TONY was an employee and agent of

NATIONAL.

25. Plaintiffs are informed and believe, and thereon allege, that on or about June

9, 2006 TONY and NATIONAL were acting, jointly, as agents and

representatives of AMERICREDIT.

26. On or about June 9, 2006, TONY arrived at JOSHUA's house and rang the

- 5 -

1    doorbell. When JOSHUA answered, TONY stated, "I'm from the bank and I

2    am here about the Jeep. I need to take it because you're behind in your

3    payments."

4    25.27. This statement represents a false, deceptive, or misleading means used in

5    connection with the collection of the alleged debt because TONY was not

6    from any bank. As such, TONY violated 15 U.S.C. §§ 1692e and 1692e(10).

7    Because TONY violated 15 U.S.C. §§ 1692e and 1692e(10), TONY also

8    violated Cal. Civ. Code § 1788.17.

9    26.28. JOSHUA then offered to pay the late balance in full if TONY would allow

10    JOSHUA to go to his bank.

11    //

12    //

13    27.29. TONY agreed to allow JOSHUA to go the bank on the condition that    JOSHUA and
TONY drive JOSHUAto the bank in

14    TONY's tow truck. JOSHUA agreed. This was an attempt by TONY and

15    28.    NATIONAL to collect a debt for AMERICREDIT.

16    30.    Subsequently, JOSHUA and TONY arrived at the bank, and JOSHUA

17    withdrew $500.00 from the "ATM." which is

18    31.    This $500.00 in cash was tendered to TONY and NATIONAL for the purpose

19    of paying part of the debt allegedly owed AMERICREDIT.

20    the limit on such withdrawals, and wrote TONY32.    JOSHUA then immediately tendered
21    to TONY and NATIONAL a check for

22    the remaining  balance of $1,048.00.

23    29.    JOHSUA gave the money33. When JOSHUA tendered the cash and check to TONY,
24    whoTONY and

25    NATIONAL accepted it,payment.

26    34.    TONY then wrote JOSHUA a        receipt, in the name of TONY and NATIONAL.

27    35.    TONY then stated that JOSHUA's late balance was 's debt that was previously in arrears
was

28    now paid in full and TONY, NATIONAL, and AMERICREDIT now

- 6 -



1    <u>acknowledged that the debt in question was no longer in arrears</u>.

2    <u>36.</u>    TONY    then drove JOSHUA back to JOSHUA's house.

3    *#*

4    <s>30.</s> <u>37.</u>  As a result of TONY'S representations, JOSHUA reasonably believed he was

5    now current on his monthly vehicle payments.

6    <s>31.</s><u>38.</u>  A few days later, on or about June 12, 2006, TONY returned to JOSHUA's

7    home.

8    <u>39.</u>    <u>On that date and time,</u> TONY told Plaintiff that he could not accept the money <s>JOSHUA</s>

9    <s>gave</s>

10   <u>JOSHUA gave</u> TONY on June 9, <s>2006.</s> <u>2006 even though he had already done so.</u>

     TONY stated that AMERICREDIT would not accept        JOSHUA's payment

11   through TONY because TONY is a "third party." <u>TONY then returned</u>

12   <u>JOSHUA's money.</u>

13   *//*

14   *//*

15   *//*

16   <u>40.</u>    <u>By refusing payment, AMERICREDIT was apparently attempting to create a</u>

17   <u>default so that AMERICREDIT could charge fees, costs, and other expenses.</u>

18   <u>This action by AMERICREDIT violated Cal. Civ. Code § 1788.17 as it</u>

19   <u>incorporates by reference 15 U.S.C. §§ 1692e and e(10) and 15 U.S.C. §§</u>

20   <u>1692f and f(1).</u>

21   <s>TONY then returned JOSHUA's money.</s>

22   <s>32.</s><u>41.</u>  During this same conversation, TONY stated that if JOSHUA paid <u>the alleged</u>

23   <u>debt</u> by June   16, 2006, there would be no need for TONY to repossess the <s>automobile</s>

24   <u>vehicle</u> and      the vehicle would not be repossessed.

25   <s>33.</s><u>42.</u>  This statement represents <u>an attempt by TONY and NATIONAL to collect the</u>

26   <u>alleged debt, and</u> a false, deceptive, or misleading means used in      connection

27   with the collection of the alleged debt because, as will be      described below, <s>TONY's</s>

28   <u>TONY, NATIONAL and AMERICREDIT continued the</u> repossession

1    attempts continued despite    JOSHUA's payment in full before June 16, 2006. As such
2    Consequently, TONY and NATIONAL violated 15 U.S.C. §§ 1692e and 1692
3    1692e(10) and AMERICREDIT violated Cal. Civ. Code § 1788.17 as it
4    incorporates by reference 15 U.S.C. § 1692e and e(10). Because TONY and
5    NATIONAL violated 15 U.S.C. §§ 1692e    and 1692e(10), TONY and
6    NATIONAL also violated Cal. Civ. Code § 1788.17.

7  34.43.    Immediately after TONY left, JOSHUA went to Western Union and wired the
8    full amount of the balance to AMERICREDIT, as TONY and NATIONAL
9    had requested. Plaintiff reasonably believed that such request was at the
10    instructions of AMERICREDIT.

11  35.44.    That same day, approximately an hour later, EDEN returned home, driving theafter
12    payment was made, and well
13    before the June 16, 2006 deadline set by TONY, NATIONAL and
14    AMERICREDIT, EDEN was returning home, driving her father's (JOSHUA)
15    Jeep. EDEN was driving with a friend of hers as a passenger in the Jeep. As soon as
16    EDEN entered the driveway, TONY appeared with his tow truck.

17  //

18  36.45.    Before EDEN or her friend could exit the Jeep, TONY attached the Jeep to a
19    tow truck and began to raise the back end of the Jeep. in an abrupt and violent
20    manner, an action that was a breach of the peace.

21  37.    Because these actions by Defendant were not authorized by46.    TONY, NATIONAL
22  and AMERICREDIT, TONY had no present right to possess the
23    property at that sought to possesstime. As such, TONY and NATIONAL violated 15
24  U.S.C.
25    § 1692f(6). Because TONY  and NATIONAL violated 15 U.S.C. §1692f(6),
26    TONY and NATIONAL also violated Cal. Civ. Code § 1788.17.

26  //

27  38.47.    EDEN was extremely scaredfrightened by TONY's actions, as she was unaware of
28    who    TONY wasand NATIONAL were or what business hethey had trying to tow

1    the Jeep while she was still    inside. In her efforts to escape from the Jeep,

2    EDEN suffered a contusion and    abrasion to her knee, which was a foreseeable

3    result of TONY and NATIONAL's conduct.

4    ~~39.~~48. TONY touched or caused EDEN to be touched with the intent to harm EDEN

5    by causing the truck to contact the vehicle in which EDEN sat.

6    ~~40.~~49. EDEN did not consent to TONY's conduct.

7    ~~41.~~50. EDEN was harmed and~~/or~~ offended by TONY's conduct.

8    ~~42.~~51. A reasonable person in EDEN's situation would have been harmed and

9    offended by    TONY's touching.

10   ~~43.~~52. While TONY was in the process of taking JOSHUA's ~~automobile~~vehicle, JOSHUA

11   exited his house to ~~ask~~determine what TONY ~~was~~, NATIONAL and AMERICREDIT

12   were doing. Since JOSHUA had paid the    balance due~~,~~ ~~he believed~~ well before the June

16,

13

14   2006 deadline set by TONY, NATIONAL and AMERICREDIT, he knew that

     there was no legal reason why TONY , NATIONAL and AMERICREDIT

15   would be  ~~repossessing the automobile.~~taking the vehicle.

16

17   ~~44.~~53. JOSHUA approached TONY and asked what he was doing. TONY clearly

     saw that TONY was attempting to communicate with him but ignored

18   JOSHUA and refused to answer.

19

     //

20

21   ~~45.~~54. JOSHUA then telephoned AMERICREDIT on ~~his~~JOSHUA'S cellular telephone.

22   ~~46.~~ 55.    During the ensuing conversation with AMERICREDIT , AMERICREDIT

     confirmed that it received JOSHUA's payment, that JOSHUA was now paid

23   up as to the alleged debt, and that    TONY and NATIONAL had no

24   authorization or reason to be taking the ~~automobile.~~vehicle.

25   ~~47.~~56. JOSHUA then attempted to tell TONY that AMERICREDIT was on the

26   telephone    and had stated that TONY should not be ~~repossessing~~take the ~~automobile.~~

27   vehicle.

28   57.    Again, TONY ignored JOSHUA and continued to take the ~~automobile.~~vehicle.

48.58. JOSHUA then told AMERICREDIT that TONY ~~was~~ and NATIONAL were

continuing to take the ~~automobile~~vehicle. In response, AMERICREDIT asked to talk

directly with TONY,

49.59. JOSHUA then informed TONY that AMERICREDIT wanted to speak with

him. TONY yet again ignored JOSHUA and turned up the radio volume in

the cab of TONY'S tow truck to drown out Plaintiff's ~~voice.~~protesting.

//

50.60. JOSHUA continued to attempt to have TONY speak to AMERICREDIT on

the telephone, all to no avail.

51.61. TONY then finished securing JOSHUA's ~~automobile~~vehicle to TONY'S tow truck and

left JOSHUA's driveway with JOSHUA's ~~automobile.~~vehicle.

52.62. When TONY left, JOSHUA was still on the telephone with AMERICREDIT.

63. JOSHUA told AMERICREDIT that TONY and NATIONAL had left with the ~~automobile and~~

vehicle and asked AMERICREDIT what he should do now to get his ~~automobile back~~vehicle

back that had obviously been taken illegally and due to the malicious conduct

53. of TONY and NATIONAL and negligence of AMERICREDIT.

64. AMERICREDIT acknowledged that TONY and NATIONAL had been hired

by AMERICREDIT but stated that since TONY and NATIONAL had ~~repossessed~~taken

the ~~automobile~~vehicle,       JOSHUA must now pay AMERICREDIT repossession fees, late

charges and storage charges, and that JOSHUA must       fill out paperwork before

JOSHUA could get his vehicle back.

65. This statement by AMERICREDIT constituted the use unfair or

unconscionable means to collect or attempt to collect a debt and violated Cal.

Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. §§ 1692f and

1692f(1).

66. Plaintiff is informed and believes, and thereon alleges, that AMERICREDIT

- 10 -

1    was the person that originally instructed NATIONAL and TONY to take the

2    vehicle in question. Subsequently, but before the incident described in

3    paragraphs 39 - 65, above, AMERICREDIT became aware that the alleged

4    debt in question was not in arrears but either instructed NATIONAL and

5    TONY to illegally take the vehicle anyway, or negligently did nothing to

6    instruct NATIONAL and TONY to refrain from taking JOSHUA's vehicle

7    after it had previous instructed NATIONAL and TONY to take said vehicle.

8    ~~54.~~67.  AMERICREDIT had a duty to refrain from allowing JOSHUA's ~~car~~vehicle to be

9    taken after the payments had been satisfied.

10   ~~55.~~68.  AMERICREDIT breached this duty when it ~~allowed TONY to take~~either negligently instructed

11   NATIONAL and TONY to take JOSHUA's vehicle after the payments had

12   been satisfied, or when it failed to advise NATIONAL and TONY to

13   discontinue the actions that AMERICREDIT had previously placed in motion

14   ~~JOSHUA's automobile.~~

15   and after the payments had been satisfied.

16   ~~56.    AMERICREDIT's breach caused both JOSHUA harm.~~
     69.    AMERICREDIT's breach caused both JOSHUA and EDEN harm.

17   ~~57.    AMERICREDIT's breach was the substantial factor in causing JOSHUA~~
     70.    AMERICREDIT's breach was the substantial factor in causing JOSHUA and

18

19   EDEN harm, both actually and proximately.

20   ~~58.~~71.  JOSHUA and EDEN had a right to possess the ~~automobile~~vehicle at the time of this

21   incident.

22   ~~59.~~72.  NATIONAL and TONY intentionally took possession of JOSHUA's ~~automobile~~vehicle

23   for a    significant amount of time.

24   ~~60.~~73.  JOSHUA did not consent to this action by ~~TONY.~~

25   ~~61.    JOSHUA was harmed by TONY's actions, and this actions was a substantial~~

26   ~~factor in causing  JOSHUA's harm.62.    JOSHUA is informed and believe, and
     thereon allege, that~~ NATIONAL ~~is~~ and TONY.

27   ~~liable for the actions of TONY under respondeat superior and other theories of~~

28   ~~vicarious liability.~~

//

74.     JOSHUA was harmed by NATIONAL and TONY's actions, and these actions were a substantial factor in the harm to JOSHUA and EDEN.

75.     JOSHUA and EDEN are informed and believe, and thereon allege, that NATIONAL is liable for the actions of TONY under respondeat superior and other theories of vicarious liability.

76.     JOSHUA and EDEN are informed and believe, and thereon allege, that AMERICREDIT is liable for the actions of NATIONAL and TONY under
//
respondeat superior and other theories of vicarious liability.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## Violations of the Fair Debt Collection Practices Act

## 15 U.S.C. § 1692 et seq. as to National

63.77.  Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

64.78.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

65.79.  As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.NATIONAL and TONY.

//

//

//

1    //

2    //

3    //

4    **COUNT II**

5    **Violations of the Rosenthal Fair Debt Collection Practices Act**

6    **Cal. Civ. Code §§ 1788-1788.32 (RFDCPA) as to National and Americredit**

7    66.80. Plaintiffs incorporate by reference all of the above paragraphs of this First

8        Amended Complaint as though fully stated herein.

9    67.81. The foregoing acts and omissions constitute numerous and multiple violations

10       of the RFDCPA.

11    68.82. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled

12       to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

13       damages for a knowing or willful violation in the amount up to $1,000.00

14       pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and

15       costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant. National and
Americredit.

16    //

17    //

18    **COUNT III**

19    **Battery by Tony National**

20    69.83. Plaintiffs incorporate by reference all of the above paragraphs of this First

21       Amended Complaint as though fully stated herein.

22    70.84. TONY touched or caused EDEN to be touched with the intent to harm EDEN.

23    71.85. EDEN did not consent to TONY's conduct.

24

25    72.86. EDEN was harmed and/or offended by TONY's conduct.

26    73.87. A reasonable person in EDEN's situation would have been offended by

27       TONY's touching.

28    88. NATIONAL is responsible for the actions of its employees and agents,

1    pursuant to theories of respondeat superior and other theories of vicarious

2    liability and, consequently, is liable to EDEN for the tort of Battery.

3    //

4    //

5    //

6    //

7                                    **COUNT IV**

8                          **NEGLIGENCE OF AMERICREDIT**

9    74.89. Plaintiffs incorporate by reference all of the above paragraphs of this First

10    Amended Complaint as though fully stated herein.

11    75.90. AMERICREDIT had a duty to refrain from allowing JOSHUA's ~~car~~vehicle to be

12    taken after the payments had been satisfied.

13    76.91. AMERICREDIT breached this duty when it ~~allowed TONY to take~~instructed
     NATIONAL and

14
15    ~~JOSHUA's automobile.~~TONY to take JOSHUA's vehicle, or in the alternate, when
     AMERICREDIT

16    77.    ~~AMERICREDIT's breach caused JOSHUA harm.~~

17    78.    ~~AMERICREDIT's breach was the substantial factor in causing JOSHUA~~

18    failed to instruct NATIONAL and TONY to discontinue repossession efforts

19    after AMERICREDIT instructed NATIONAL and TONY to take vehicle.

20    92.    AMERICREDIT's breach caused JOSHUA and EDEN foreseeable harm.

21    93.    AMERICREDIT's breach was the substantial factor in causing JOSHUA and

22    EDEN harm, both actually and proximately.

23                                    **COUNT V**

24                          **Conversion ~~of TONY~~by National**

25    79. 94. Plaintiffs incorporate by reference all of the above paragraphs of this First

26    Amended Complaint as though fully stated herein.

27    80.    ~~JOSHUA had a right to possess his automobile since he had paid the balance~~

28    ~~due on the automobile.~~
     95.    At the time the vehicle in question was taken by NATIONAL and TONY,

81.    ~~TONY intentionally took possession of JOSHUA's automobile for a~~ JOSHUA had a right to possess the vehicle and neither NATIONAL nor TONY had a present right of possession.

96.    NATIONAL and TONY intentionally took possession of JOSHUA's vehicle for a significant period of time.

~~82.~~ 97.    JOSHUA did not consent to NATIONAL and TONY's taking of the ~~automobile~~vehicle.

~~83.~~98.    As a result of NATIONAL and TONY's taking of the vehicle, JOSHUA was harmed.

~~84.~~99.    NATIONAL and TONY's actions were a substantial factor in causing JOSHUA's harm.

//

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered ~~against Defendant for:~~ as follows:

### Fair Debt Collection Practices Act

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from ~~Defendant;~~ NATIONAL;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A)~~;~~, from Defendant NATIONAL;

- an award of costs of litigation and reasonable attorney's fees, pursuant~~ to~~ to 15 U.S.C. § 1692k(a)(3), from Defendant NATIONAL.

### Rosenthal Fair Debt Collection Practices Act

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from all Defendants;

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b)~~;~~, from ~~all~~ NATIONAL and AMERICREDIT;

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c)~~.~~, from NATIONAL and AMERICREDIT.

### Battery ~~of TONY~~

- • an award of general, special, and actual damages in an amount to be determined at trial; from NATIONAL;

- • an award of punitive damages; from NATIONAL;

- • an award of pre-judgment interest at the legal rate; from NATIONAL;

- • an award of reasonable attorney fees and costs associated with the suit; from NATIONAL; and;

- • any other relief this Court deems just and proper. from NATIONAL

//
//
//
//

### Negligence of AMERICREDIT

- • an award of general, special, and actual damages in an amount to be determined at trial; from AMERICREDIT;

- • an award of pre-judgment interest at the legal rate; from AMERICREDIT;

- • an award of reasonable attorney fees and costs associated with the suit; from AMERICREDIT; and;

- • any other relief this Court deems just and proper. from AMERICREDIT.

### Conversion

- • an award of general, special, and actual damages in an amount to be determined at trial; from NATIONAL;

- • an award of punitive damages; from NATIONAL;

- • an award of pre judgment interest at the legal rate; from NATIONAL;

- • an award of reasonable attorney fees and costs associated with the suit; from NATIONAL; and;

- • any other relief this Court deems just and proper. from NATIONAL.

### TRIAL BY JURY

85. 100. Pursuant to the seventh amendment to the Constitution of the United States of

America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 5/15/07 _____                        Respectfully submitted,
                                                       HYDE & SWIGART



                                                       By:_____
                                                       Robert L. Hyde, Esq.
                                                       Attorney for Plaintiff

Document comparison done by DeltaView on Tuesday, July 24, 2007 12:51:10 PM

| Input: | | |
|---|---|---|
| Document 1 | file://C:/Documents and Settings/SBenter/My Documents/Scott H  335mg/jacobson v americredit/original complaint final.doc | |
| Document 2 | file://C:/Documents and Settings/SBenter/My Documents/Scott H  335mg/jacobson v americredit/first amended complaint final.doc | |
| Rendering set | Standard | |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | Count |
|---|---|
| Insertions | 318 |
| Deletions | 191 |
| Moved from | 4 |
| Moved to | 4 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 517 |

**CERTIFICATE OF SERVICE**

1

2    I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Irvine and County of Orange, California; my business address is

3    Severson & Werson, 19100 Von Karman, Suite 700, Irvine, CA  92612.

4    On the date below I served a copy, with all exhibits, of the following document(s):

5

6    **DECLARATION OF ERIC J. TROUTMAN IN SUPPORT OF AMERICREDIT'S MOTION TO STRIKE AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE**

7    **GRANTED**

8

9    on all interested parties in said case addressed as follows:

10   Robert L. Hyde
     Joshua B. Swigart
11   Hyde & Swigart
     411 Camino Del Rio South
12   Suite 301
     San Diego, CA 92108-3551
13   PH:  (619) 233-7770
     FX:  (619) 330-4657
14   Attorneys for Plaintiff Joshua Jacobson

15   Michael Burke, Esq.
     Vogl & Meredith
16   56 Montgomery Street, 20th Floor
     San Francisco, CA  94104-1233
17   PH: (415) 398-0200
     FX: (415) 398-2820
18

19   ☑ **(BY MAIL)**  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing

20   correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in

21   Irvine, California in sealed envelopes with postage fully prepaid.

22   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  This declaration is executed in Irvine, California, on August 24,

23   2007.

24

25

26   LORRAINE JOHNSON

27

28

- 3 -