Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 330-4657

Attorneys for Plaintiffs
Joshua Jacobson and Eden Villarreal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JACOBSON AND EDEN VILLARREAL, <br><br> PLAINTIFFS, <br><br> V. <br><br> AMERICREDIT, NATIONAL AUTO RECOVERY BUREAU, AND TONY DOE, <br><br> DEFENDANTS. | CASE NO.: C 07-02694 (JCS) <br><br> JOINTLY SUBMITTED CASE MANAGEMENT CONFERENCE STATEMENT <br><br> HON. JOSEPH C. SPERO <br><br> DATE: 8/31/07 <br> TIME: 1:30 P.M. |

The Parties to this action jointly submit the following Case Management Conference Statement in accordance with the Court's Scheduling Order.

**A. Basis for the Court's Subject Matter Jurisdiction:**

Plaintiff alleges that jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.  Plaintiff's First Amended Complaint dropped the federal claim against Defendant Americredit and asserts jurisdiction over Defendant Americredit only on a supplemental basis.

B. **The Factual and Legal Bases for Plaintiff's Claims, Defendant's Defenses, Defendant's Counterclaims and the Defenses to Those Counterclaims:**

**Plaintiff sets forth the following claims:**

Sometime before June 9, 2006, JOSHUA allegedly incurred financial obligations to AMERICREDIT that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f). These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5). Plaintiffs are informed and believe, and thereon allege, that subsequently, but before June 9, 2006, AMERICREDIT assigned, placed, or otherwise transferred the alleged debt to NATIONAL, for collection and repossession. Plaintiffs are informed and believe, and thereon allege, that on or about June 9, 2006 TONY and NATIONAL were acting, jointly, as agents and representatives of AMERICREDIT.

On or about June 9, 2006, TONY arrived at JOSHUA's house and rang the doorbell. When JOSHUA answered, TONY stated, "I'm from the bank and I am here about the Jeep. I need to take it because you're behind in your payments." This statement represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt because TONY was not from any bank. As such, TONY violated 15 U.S.C. §§ 1692e and 1692e(10). Because TONY violated 15 U.S.C. §§ 1692e and 1692e(10), TONY also violated Cal. Civ. Code § 1788.17. JOSHUA then offered to pay the late balance in full if TONY would allow JOSHUA to go to his bank. TONY agreed on the condition that JOSHUA and TONY drive to the bank in TONY's tow truck. JOSHUA agreed. This was an attempt by TONY and NATIONAL to collect a debt for

AMERICREDIT.

Subsequently, JOSHUA and TONY arrived at the bank and JOSHUA withdrew $500.00 from the "ATM." This $500.00 in cash was tendered to TONY and NATIONAL for the purpose of paying part of the debt allegedly owed AMERICREDIT. JOSHUA then immediately tendered to TONY and NATIONAL a check for the remaining balance of $1,048.00. When JOSHUA tendered the cash and check to TONY, TONY and NATIONAL accepted payment. TONY then wrote JOSHUA a receipt in the name of TONY and NATIONAL. TONY then stated that JOSHUA's debt that was previously in arrears was now paid in full and TONY, NATIONAL, and AMERICREDIT now acknowledged that the debt in question was no longer in arrears. TONY then drove JOSHUA back to JOSHUA's house.

As a result of TONY'S representations, JOSHUA reasonably believed he was now current on his monthly vehicle payments. A few days later, on or about June 12, 2006, TONY returned to JOSHUA's home. On that date and time, TONY told Plaintiff that he could not accept the money JOSHUA gave TONY on June 9, 2006 even though he had already done so. TONY stated that AMERICREDIT would not accept JOSHUA's payment through TONY because TONY is a "third party." TONY then returned JOSHUA's money. By refusing payment, AMERICREDIT was apparently attempting to create a default so that AMERICREDIT could charge fees, costs, and other expenses. This action by AMERICREDIT violated Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. §§ 1692e and e(10) and 15 U.S.C. §§ 1692f and f(1).

During this same conversation, TONY stated that if JOSHUA paid the alleged debt by June 16, 2006, there would be no need for TONY to repossess the vehicle and the vehicle would not be repossessed. This statement represents an attempt by TONY and NATIONAL to collect the alleged debt, and a false, deceptive, or misleading means used in connection with the collection of the

1  alleged debt because, as will be described below, TONY, NATIONAL and
2  AMERICREDIT continued the repossession attempts despite JOSHUA's payment
3  in full before June 16, 2006.  Consequently, TONY and NATIONAL violated 15
4  U.S.C. §§ 1692e and 1692e(10) and AMERICREDIT violated Cal. Civ. Code §
5  1788.17 as it incorporates by reference 15 U.S.C. § 1692e and e(10).  Because
6  TONY and NATIONAL violated 15 U.S.C. §§ 1692e and 1692e(10), TONY and
7  NATIONAL also violated Cal. Civ. Code § 1788.17.
8         Immediately after TONY left, JOSHUA went to Western Union and wired
9  the full amount of the balance to AMERICREDIT, as TONY and NATIONAL had
10 requested.  Plaintiff reasonably believed that such request was at the instructions of
11 AMERICREDIT.  That same day, approximately an hour after payment was made,
12 and well before the June 16, 2006 deadline set by TONY, NATIONAL and
13 AMERICREDIT, EDEN was returning home, driving her father's (JOSHUA)
14 Jeep.  EDEN was driving with a friend of hers as a passenger in the Jeep.  As
15 EDEN entered the driveway, TONY appeared with his tow truck.  Before EDEN or
16 her friend could exit the Jeep, TONY attached the Jeep to a tow truck and began to
17 raise the back end of the Jeep in an abrupt and violent manner, an action that was a
18 breach of the peace.  TONY, NATIONAL and AMERICREDIT had no present
19 right to possess the property at that time.  As such, TONY and NATIONAL
20 violated 15 U.S.C. §1692f(6).  Because TONY and NATIONAL violated 15
21 U.S.C. §1692f(6), TONY and NATIONAL also violated Cal. Civ. Code § 1788.17.
22 EDEN was extremely frightened by TONY's actions, as she was unaware of who
23 TONY and NATIONAL were or what business they had trying to tow the Jeep
24 while she was still inside.  In her efforts to escape from the Jeep, EDEN suffered a
25 contusion and abrasion to her knee, which was a foreseeable result of TONY and
26 NATIONAL's conduct.   TONY touched or caused EDEN to be touched with the
27 intent to harm EDEN by causing the truck to contact the vehicle in which EDEN
28 sat.  EDEN did not consent to TONY's conduct.  EDEN was harmed and offended

1  by TONY's conduct. A reasonable person in EDEN's situation would have been
2  harmed and offended by TONY's touching.
3      While TONY was in the process of taking JOSHUA's vehicle, JOSHUA
4  exited his house to determine what TONY, NATIONAL and AMERICREDIT
5  were doing. Since JOSHUA had paid the balance due well before the June 16,
6  2006 deadline set by TONY, NATIONAL and AMERICREDIT, he knew that
7  there was no legal reason why TONY, NATIONAL and AMERICREDIT would
8  be taking the vehicle. JOSHUA approached TONY and asked what he was doing.
9  TONY clearly saw that TONY was attempting to communicate with him but
10 ignored JOSHUA and refused to answer. JOSHUA then telephoned
11 AMERICREDIT on JOSHUA'S cellular telephone.
12     During the ensuing conversation with AMERICREDIT, AMERICREDIT
13 confirmed that it received JOSHUA's payment, that JOSHUA was now paid up as
14 to the alleged debt, and that TONY and NATIONAL had no authorization or
15 reason to be taking the vehicle. JOSHUA then attempted to tell TONY that
16 AMERICREDIT was on the telephone and had stated that TONY should not be
17 take the vehicle. Again, TONY ignored JOSHUA and continued to take the
18 vehicle. JOSHUA then told AMERICREDIT that TONY and NATIONAL were
19 continuing to take the vehicle. In response, AMERICREDIT asked to talk directly
20 with TONY. JOSHUA then informed TONY that AMERICREDIT wanted to
21 speak with him. TONY yet again ignored JOSHUA and turned up the radio
22 volume in the cab of TONY'S tow truck to drown out Plaintiff's protesting.
23 JOSHUA continued to attempt to have TONY speak to AMERICREDIT on the
24 telephone, all to no avail. TONY then finished securing JOSHUA's vehicle to
25 TONY'S tow truck and left JOSHUA's driveway with JOSHUA's vehicle.
26     When TONY left, JOSHUA was still on the telephone with
27 AMERICREDIT. JOSHUA told AMERICREDIT that TONY and NATIONAL
28 had left with the vehicle and asked AMERICREDIT what he should do now to get

1 | his vehicle back that had obviously been taken illegally and due to the malicious
2 | conduct of TONY and NATIONAL and negligence of AMERICREDIT.
3 | AMERICREDIT acknowledged that TONY and NATIONAL had been hired by
4 | AMERICREDIT but stated that since TONY and NATIONAL had taken the
5 | vehicle, JOSHUA must now pay AMERICREDIT repossession fees, late charges
6 | and storage charges, and that JOSHUA must fill out paperwork before JOSHUA
7 | could get his vehicle back.  This statement by AMERICREDIT constituted the use
8 | unfair or unconscionable means to collect or attempt to collect a debt and violated
9 | Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. §§ 1692f and
10 | 1692f(1).

11 | Plaintiff is informed and believes, and thereon alleges, that AMERICREDIT
12 | was the person that originally instructed NATIONAL and TONY to take the
13 | vehicle in question.  Subsequently, but before the incident, AMERICREDIT
14 | became aware that the alleged debt in question was not in arrears but either
15 | instructed NATIONAL and TONY to illegally take the vehicle anyway, or
16 | negligently did nothing to instruct NATIONAL and TONY to refrain from taking
17 | JOSHUA's vehicle after it had previous instructed NATIONAL and TONY to take
18 | said vehicle.  AMERICREDIT had a duty to refrain from allowing JOSHUA's
19 | vehicle to be taken after the payments had been satisfied.  AMERICREDIT
20 | breached this duty when it either negligently instructed NATIONAL and TONY to
21 | take JOSHUA's vehicle after the payments had been satisfied, or when it failed to
22 | advise NATIONAL and TONY to discontinue the actions that AMERICREDIT
23 | had previously placed in motion and after the payments had been satisfied.

24 | AMERICREDIT's breach caused both JOSHUA and EDEN harm.
25 | AMERICREDIT's breach was the substantial factor in causing JOSHUA and
26 | EDEN harm, both actually and proximately.  JOSHUA and EDEN had a right to
27 | possess the vehicle at the time of this incident.  NATIONAL and TONY
28 | intentionally took possession of JOSHUA's vehicle for a significant amount of

time. JOSHUA did not consent to this action by NATIONAL and TONY. JOSHUA was harmed by NATIONAL and TONY's actions, and these actions were a substantial factor in the harm to JOSHUA and EDEN. JOSHUA and EDEN are informed and believe, and thereon allege, that NATIONAL is liable for the actions of TONY under respondeat superior and other theories of vicarious liability. JOSHUA and EDEN are informed and believe, and thereon allege, that AMERICREDIT is liable for the actions of NATIONAL and TONY under respondeat superior and other theories of vicarious liability.

   Plaintiffs claim damages under both 15 U.S.C. § 1692 et seq. and Cal. Civ. Code § 1788 et seq., against Defendants as well as battery and conversion by Defendant, National, and negligence against Defendant Americredit.

**Defendant National Auto Recovery Bureau, Inc.:**

 Defendant National Auto Recovery Bureau denies any wrongdoing as alleged. National is a repossession agency and is not a "debt collector" and is therefore not subject to the various State and Federal statutes alleged to be violated (15 U.S.C. §1692 and California Civil Code §1788). As a result, there is no Federal subject matter jurisdiction. There was no "breach of the peace".

**Defendant Americredit:**

   Defendant AmeriCredit was the creditor, by assignment, to whom Plaintiff Jacobson owed a debt following his breach of a Retail Installment Sale Contract for the Purchase of a 2001 Jeep Wrangler. AmeriCredit assigned the debt for repossession to Co-Defendant National. National was a properly licensed repossession agency at the time of the assignment. By law, AmeriCredit is not responsible for the errors or omissions of the repossession agency in conducting the repossession. (Cal. *Bus. & Prof. Code* Section 7507.13)

**C. Related Proceedings, Including Any Administrative Proceedings, and Any Related Cases Pending Before Other Judges of This Court or Before Any Other court:**

None.

**D. Whether All Parties Consent to the Jurisdiction of a Magistrate Judge For All Purposes, Including Trial and Entry of Judgment:**

The Parties to this action have consented to the jurisdiction of a Magistrate Judge.

**E. A Brief Summary of The Proceedings To Date:**

Plaintiff's Complaint was filed on May 22, 2007. Defendant Americredit filed a Motion to Dismiss on July 3, 2007 as well as an Answer on July 6, 2007. Plaintiffs then filed an opposition on July 19, 2007 and a request to file an amended complaint. The Court granted this request and Plaintiff filed a First Amended Complaint on August 2, 2007.

**F. Pending Motions:**

No motions are pending, although, Defendant Americredit intends on renewing its Motion to Dismiss pursuant to F.R.C.P. 12(b)(6).

**G. A Description of All Motions Expected Before Trial:**

**Plaintiffs:**

Motion for Summary Judgment.

**Defendant National Auto Recovery Bureau, Inc.:**

Motion for Summary Judgment.

**Defendant Americredit:**

F.R.C.P. 12(b)(6) and 12(f) Motions to Dismiss and Strike portions of First Amended Complaint, Motion for Summary Judgment.

**H. Intention of Additional Parties**

Plaintiff may add the individual collection agent identified only as "Tony Doe" when his true name is discovered.

I. **The Extent to Which Evidentiary, Claim Construction, or Class Certification Hearings are Anticipated:**

None.

J. **The Scope of Discovery to Date and, Separately the Scope of Anticipated Discovery, Including Limits That Should Be Imposed on Discovery and A Proposed Discovery Plan**

**Plaintiff:**

Plaintiff proposes discovery is conducted consistent with the scope and restrictions set forth in the F.R.C.P. The following cut off dates are proposed by Plaintiff

1. Deadline to Amend Pleadings: 10/25/07
2. Plaintiff's Expert Disclosure: 1/17/08
3. Defendants Expert Disclosure: 1/31/08
4. Plaintiff's Supplemental Expert Disclosures: 2/14/08
5. Defendant's Supplemental Expert Disclosures: 2/21/08
6. Non-Expert Discovery Cut-off: 5/22/08
7. Expert Discovery Cut-off: 7/10/08
8. Motion Cut-off (Filed by): 8/28/08
9. Trial: 10/13/08

**Defendant National Auto Recovery Bureau, Inc.:**

National agrees with Americredit's changes to Plaintiff's timeline below.

**Defendant Americredit:**

AmeriCredit agrees with Plaintiff's timeline except for the following. AmeriCredit proposes these alternate dates, which would permit all percipient witness discovery to conclude before expert discovery begins:

1. Plaintiff's Expert Disclosure: 5/5/08
2. Defendants Expert Disclosure: 5/19/08
3. Plaintiff's Supplemental Expert Disclosures: 6/9/08

4. Defendant's Supplemental Expert Disclosures: 6/23/08

5. Non-Expert Discovery Cut-off: 5/2/08

**6.** Expert Discovery Cut-off: 8/10/08

**K. The Extent to Which Any Special Discovery or Other Problems or Issues Have Arisen or are Expected:**

None at this time.

**L. Proposed Deadlines and Court Dates, Including Trial Date:**

See discovery plan above.

**M. The Expected Length of Trial, Approximate Number of Witnesses, Experts, Exhibits, and Whether A Jury is Demanded:**

**Plaintiff:**

Trial Length: 4-5 days

Number of Witnesses: 6-7 witnesses including expert witnesses

Experts: Likely no more than two

Exhibits: Less than 100

Jury Trial Demanded: Yes.

**Defendant National Auto Recovery Bureau, Inc.:**

Trial Length: 3 days

Number of Witnesses: 4 including experts.

Experts: 1

Exhibits: Less than 25

Jury Trial Demanded: Yes.

**Defendant Americredit:**

Trial Length: 3 days

Number of Witnesses: 3 including expert(s).

Experts: Likely only one.

Exhibits: Less than 100

Jury Trial Demanded: Yes.

**N. Damages**

Plaintiffs claim damages under both the federal and state Fair Debt Collection Practices Act, which include statutory and actual damages along with costs and attorneys fees. Plaintiffs are also claiming damages arising out of the battery and the conversion of their automobile which left them with limited transportation for work and necessaries of life.

**O. ADR Efforts to Date and a Specific ADR Plan:**

Plaintiffs are open to either private or court conducted mediation and/or an Early Neutral Evaluation. To date no form of ADR has been completed or scheduled.

**P. Appointment of Special Master:**

Not needed or requested.

**Q. Service List for All Counsel:**

**Plaintiffs:**

Robert L. Hyde

HYDE & SWIGART

411 Camino Del Rio South, Ste. 301

San Diego, CA 92108

(619) 233-7770

(619) 297-1022 Fax

**Defendant National Auto Recovery Bureau, Inc.:**

MICHAEL S. BURKE, #150062

VOGL & MEREDITH LLP

456 Montgomery Street, 20th Floor

San Francisco, California  94104

Telephone:  (415) 398-0200

Facsimile:   (415) 398-2820

**Defendant Americredit:**

Scott J. Hyman

Eric J. Troutman

SEVERSON & WERSON

19100 Von Karman Ave., Ste. 700

Irvine, CA 92612

(949) 442-7110

(949) 442-7118 Fax

**R. Such Other Matters As Any Party Considers Conductive to the Just, Speedy and Inexpensive Determination of This Action:**

Plaintiffs propose that some for of ADR be attempted before considerable time and expense are incurred in this case, which may hinder settlement.

AmeriCredit has served a Rule 68 Offer upon Plaintiff as of August 23, 2007. Plaintiff and National have exchanged settlement offers.

**S. Legal Issues:**

The applicability of the Fair Debt Collection Practices Act to Defendant National Auto Recovery Bureau, Inc.

The scope and effect of the immunity afforded to AmeriCredit by California *Business and Professions Code* Section 7507.13.

The existence and scope of any duty owed by AmeriCredit to control the conduct of a third-party.

The applicability of respondeat superior principles to this action.

**T. Evidence Preservation:**

Steps have been taken by all parties to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

//

1  **U. Disclosures:**

2  Full initial disclosures are expected to be accomplished by all parties not
3  later than Wednesday, August 29, 2007. The parties will be ready to report on the
4  status of the disclosures at the conference.

5  **V. Narrowing of Issues:**

6  1. AmeriCredit is a debt collector under California Law, although there is
7  no agreement as to whether or not AmeriCredit engaged in debt
8  collection activity as regards Mr. Jacobson's account.

9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1  **W. Disclosure of Non-Party Interested Entities or Persons:**

2    The only interested parties associated with Plaintiffs have been named in this
3 action.

4    AmeriCredit states that, pursuant to Civil L.R. 3-16, the undersigned
5 certifies that as of this date, other than the named parties, there is no such interest
6 to report.

8 Dated: August 23, 2007         Respectfully submitted,
                                          **HYDE & SWIGART**

10                                           By: /s/ Robert L. Hyde
11                                           Robert L. Hyde
12                                           Attorneys for Plaintiff

14 Dated: August 23, 2007         SEVERSON & WERSON

15                                           By: /s/ Scott J. Hyman
16                                           Scott J. Hyman
17                                           Attorneys for Defendant
                                          Americredit

19 Dated: August 23, 2007         VOGL & MEREDITH

21                                           By: /s/ Michael S. Burke
22                                           Michael S. Burke
23                                           Attorneys for Defendant
                                          National Auto Recovery
24                                           Bureau, Inc.